**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 1998-CA-01255-SCT**

*LAURA EATMAN*

*v.*

*CITY OF MOSS POINT*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/29/1998 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KENNETH M. ALTMAN |
| | AUSTIN R. NIMOCKS |
| | MORRIS BART |
| ATTORNEY FOR APPELLEE: | JOHN B. EDWARDS, II |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 9/14/2000 |
| MOTION FOR REHEARING FILED: | 9/29/2000; denied 2/1/2001 |
| MANDATE ISSUED: | 2/8/2001 |

**EN BANC.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case presents the question whether a circuit court abused its discretion in granting sanctions against the attorney for a plaintiff who sued an employer based upon no greater knowledge than the fact that the alleged tortfeasor was employed by the employer. We conclude that the court did not abuse its discretion in determining that the complaint was frivolous under Miss. R. Civ. P. 11(b). Accordingly, we affirm the circuit judge's award of sanctions.

I.

a.

¶2. On December 12, 1997, Laura Eatman ("Eatman"), through her attorney Scott Beal, of Morris Bart, Ltd. of New Orleans, Louisiana, filed a lawsuit against Jack McCorvey ("McCorvey") and the City of Moss Point ("City"). Prior to instituting suit, Eatman timely put the City on written notice of her claim. Some two months later (after a complaint and answer were filed) the City filed its motion for summary judgment and sanctions or in the alternative, motion to compel.

¶3. On May 22, 1998, the motion came on for hearing before Circuit Judge Kathy King Jackson. Kenneth M. Altman of Morris Bart, Ltd., represented Eatman in place of Beal. In an order entered on May 29, 1998, Judge Jackson granted the City's motion for summary judgment, dismissed Eatman's claims against the City with prejudice, and certified as final pursuant to Miss. R. Civ. P. 54(b), and sanctioned Eatman's

counsel $1,500 for "reasonable legal expenses . . . incurred by the City of Moss Point in defending against this action pursuant to Rule 11 M.R.C.P." Eatman and her counsel timely appealed.

b.

¶4. On December 10, 1996, a twelve-car pileup occurred in Jackson County. On September 11, 1997, Beal sent a notice of claim to the Mayor of Moss Point, Louis Jackson, alleging that McCorvey was operating with permission a 1972 Chevrolet owned by the City of Moss Point, that he was in the course and scope of his employment with the City of Moss Point, and that he lost control of his vehicle and collided with Eatman. Beal wrote that "the City of Moss Point is responsible for all damages sustained by Laura Eatman due to the negligence of its employee" and that it would be proven that the negligent conduct of the City resulted in personal injuries to Eatman which amounted to $350,000.

¶5. The City conducted an investigation as contemplated by the Tort Claims Act and found that McCorvey was on a three-week vacation at the time of the accident. David Mitchell of the Mississippi Municipal Service Company also conducted a brief investigation and concluded on October 22, 1997, that McCorvey was in his own vehicle, on vacation, and that the City of Moss Point was in no way involved. On that day he stated in a letter that he was to forward this information to Beal, Eatman's attorney at the time. There is substantial controversy between the parties as to whether Eatman's attorney ever received such notice. In any event, suit was filed in December.

II.

a.

¶6. Under Miss. R. Civ. P. 11(b), the court may award reasonable expenses and attorney's fees against a party or his attorney, or both, whose pleading or motion (1) is frivolous or (2) is filed for the purpose of harassment or delay. "Filing is that which triggers the possibility of sanctions." *Nationwide Mut. Ins. Co. v. Evans*, 553 So.2d 1117, 1120 (Miss.1989). "[A] pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success." *Tricon Metals & Servs., Inc. v. Topp*, 537 So.2d 1331, 1336 (Miss.1989). In reviewing whether the imposition of sanctions is warranted under Rule 11, this Court uses an abuse of discretion standard. *January v. Barnes*, 621 So.2d 915, 921 (Miss. 1992).

b.

¶7. Eatman argues that the sanctions should be overturned because there were no specific findings made on the record that her complaint against the City was frivolous, filed for the purpose of harassment or delay, or had no hope of success. *See Ivy v. Merchant*, 666 So.2d 445 (Miss. 1995); *Stringer v. Lucas*, 608 So.2d 1351 (Miss. 1992). She notes that during the hearing, the judge made the following findings:

BY THE COURT: All right. I've heard enough. The Court will grant summary judgment to the City of Moss Point. And I'm going to look at your documentation concerning your expenses and attorneys fees, and I'll let you know on that point.

In her order, the judge stated the following:

IT IS FURTHER ORDERED that the Attorney for the Plaintiff shall pay reasonable legal expenses in

the amount of Fifteen Hundred and no/100's ($1,500.00) dollars incurred by the City of Moss Point in defending against this action pursuant to Rule 11 M.RC.P.

¶8. The City claims that the omission of a statement of findings of fact is not a bar to affirming the judge's decision. The City points out that in situations like this, this Court will assume that the judge made determinations of fact sufficient to support its ruling where no specific finding has been made. *Love v. Barnett*, 611 So.2d 205, 207 (Miss. 1992); *Walters v. Patterson*, 531 So.2d 581, 583 (Miss. 1988). We agree.

c.

¶9. Eatman's second argument in favor of reversal of the circuit court's decision is that the circuit judge erroneously applied a continuing duty standard instead of objectively viewing the position of Eatman at the time she filed the complaint. Eatman proposes that litigants and their attorneys are not under a continuing duty to monitor the status and merit of pleadings and motions and are not required to immediately abandon a claim if it later appears to be frivolous. *In re Fankboner*, 638 So.2d 493, 498 (Miss. 1994).

¶10. Eatman claims that the following portion of the transcript discloses that the circuit judge clearly imposed a continuing duty standard upon her counsel and erroneously considered what had occurred since the lawsuit was filed:

BY MR. ALTMAN: . . .This lawsuit was filed judge, on December 12, 1997 . . . It may end up, after this deposition is taken, that he wasn't on his way to work, that he wasn't carrying something for the City.

BY THE COURT: Well, he's already said that, under oath, in two different things, that he wasn't.

BY MR. ALTMAN: What he said, Your Honor, is that- -

BY THE COURT: They filed an affidavit, he says he wasn't working. And he's filed answers to interrogatories that said he wasn't working.

BY MR. ALTMAN: And his opinion is fine. And his opinion may- -

BY THE COURT: His opinion? Those are sworn statements filed in court.

¶11. Eatman claims that the circuit judge erred by considering these two sworn statements (affidavit and answers to interrogatories) which were made after the lawsuit was filed.[1] Eatman points out that at the time that she filed the lawsuit, there existed no affidavit or sworn testimony that, at the time of the accident, McCorvey was not acting on behalf of the City or somehow within the course and scope of his employment.

¶12. In considering whether an action is frivolous we look to the facts known at the time of filing the complaint. *Bean v. Broussard*, 587 So.2d 908, 912 (Miss. 1991)("We begin with the frivolousness standard. We focus upon the information Bean had at the time he filed the complaint"). "[A] pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success." *Tricon Metals & Servs., Inc.,* 537 So.2d at 1336.

¶13. In *Bean*, the defendant doctor charged attorney Bean with filing a frivolous complaint. 587 So.2d at

912. There, an associate informed Bean that the doctor either correctly diagnosed an infant's condition and overlooked the history given to him regarding the child's allergy or that the doctor incorrectly diagnosed the child's condition. Bean subsequently received documentation that supported the information he received from his associate. After receiving this information, Bean agreed to become associate counsel in the case and help the party seek redress from those in whose care they entrusted their child. *Id*. There, this Court held that the filing of the complaint was neither frivolous nor filed for the purpose of harassment or delay. *Id*.

¶14. This case is different. The record reflects that at the time the complaint was filed the only basis Eatman had to sue the City of Moss Point was that Jack McCorvey was employed by the City. After filing the complaint, it was discovered that McCorvey was on vacation at the time of the accident and in his own vehicle. At the time of the complaint, however, the allegation that McCorvey was acting within the scope of his employment could only have been made by speculation or guesswork. The allegation made by the initial letter that McCorvey was operating a vehicle owned by the City had no basis in fact and no evidentiary support. Eatman's attorney admitted that he had nothing to show that the City of Moss Point had anything to do with the accident. The transcript of the summary judgment hearing is clear on this point.

> BY THE COURT: Well, what have you got to show that the City of Moss Point has anything to do with it?
>
> BY MR. ALTMAN [Eatman's attorney]: At this point, we don't have anything, other than what we have in the police report.
>
> BY THE COURT: Which is what? That just shows that's where he worked.
>
> BY MR. ALTMAN: That's correct, Judge.
>
> BY THE COURT: It doesn't say anything else.
>
> BY MR. ALTMAN: That's correct.

¶15. There was a proper procedure to include the City of Moss Point in this suit if it was determined that it was an interested party. If after filing the suit against McCorvey, it was discovered that he was acting within the scope of his duties for the City of Moss Point, then the City could have been added as a defendant. However, our rules and case law do not authorize simply dragging a defendant into court to defend a claim, prior to acquiring having knowledge, information or belief that there is a good ground to support that claim. Miss. R. Civ. P. 11(a).

III.

¶16. For these reasons, the circuit court did not abuse its discretion in concluding that Eatman's complaint against the City of Moss Point was frivolous and in awarding sanctions against Eatman's attorney. The circuit court's order imposing Rule 11 sanctions and granting summary judgment is affirmed.

¶17. **AFFIRMED.**

> **PRATHER, C.J., PITTMAN, P.J., SMITH, MILLS AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶18. While I have no quarrel with the dismissal in this case, to sanction Eatman for filing what at the time appeared to be a completely viable claim is unjust. We have always allowed plaintiffs to "test the waters" at the initial pleading stage. One must wonder whether the majority will sanction defense counsel in the future for filing general denials in their answer which later turn out to be incorrect. Accordingly, I dissent.

¶19. On December 10, 1996, a twelve-car pileup occurred, and at least three accident reports were generated due to the accident. On September 11, 1997, Laura Eatman's attorney, Scott Beal, of Morris Bart, Ltd. of New Orleans, Louisiana, sent a notice of claim to the Mayor of Moss Point, Louis Jackson, informing him that Jack McCorvey, Jr. was operating with permission a 1972 Chevrolet owned by the City of Moss Point, that he was in the course and scope of his employment with the City of Moss Point, and that he lost control of his vehicle and collided with Laura Eatman. Beal wrote that "the City of Moss Point is responsible for all damages sustained by Laura Eatman due to the negligence of its employee" and that it would be proven that the negligent conduct of the City resulted in personal injuries to Eatman which amounted to $350,000.

¶20. The City conducted an investigation, as contemplated by the Tort Claims Act, and found that Jack McCorvey was on a three-week vacation at the time of the accident. David Mitchell of the Mississippi Municipal Service Company also conducted a brief investigation and concluded on October 22, 1997, that McCorvey was in his own vehicle, on vacation, and that the City of Moss Point was in no way involved. On that day he stated in a letter that he was to forward this information to Beal, Eatman's attorney at the time. There is substantial controversy between the parties as to whether Eatman's attorney ever received such notice.

¶21. Sanctions under M.R.C.P. 11 "are warranted when the pleading or motion is 1) frivolous or 2) is filed for the purpose of harassment or delay." *In re Fankboner*, 638 So.2d 493, 498 (Miss.1994)(citing M.R.C.P. 11)." '[A] pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success.' " *Stevens v. Lake*, 615 So.2d 1177, 1184 (Miss.1993)(quoting *Tricon Metals & Servs., Inc. v. Topp*, 537 So.2d 1331, 1335 (Miss.1989)). Though a case may be weak or "light-headed," that is not sufficient to label it frivolous. *Nichols v. Munn*, 565 So.2d 1132, 1137 (Miss.1990).

¶22. Under the first prong of the two-part test, this Court has held that a party has no hope of success when the defendant has a complete defense to the claim. *Tricon*, 537 So.2d at 1336 ("If a defendant has a complete defense, then it follows that a plaintiff has no hope of success. It is the same as if plaintiff filed and pursued a claim that was clearly barred by the statute of limitations.") While this Court did stipulate that the mere rejection of a claim on its merits does not automatically subject a party to such sanctions, the plaintiff in *Tricon* was shown to be aware of the defendant's defense. *Id*.

¶23. At the time that the lawsuit was filed, there existed no affidavit or sworn testimony that, at the time of the accident, McCorvey was not acting on behalf of the City or somehow within the course and scope of his employment. While there does appear to be quite a controversy regarding the communication between the parties, there is **absolutely no hard evidence** that Eatman was given notice McCorvey was on vacation at the time of the accident.

¶24. As to the second prong, it is not enough to show that a case is merely weak in order for this Court to

find that it was brought to harass. ***Brown v. Hartford Ins. Co.***, 606 So.2d 122, 127 (Miss.1992).

¶25. This Court reversed a Rule 11 sanction in ***Dethlefs*** where there was no "injury caused or resulting from these unfounded charges." ***Dethlefs v. Beau Maison Dev. Corp.***, 511 So.2d 112, 118 (Miss.1987). This Court said that while the charges alleged by the plaintiff were in fact "inflated," they caused no damage to the defendant. ***Id***. This Court found that there was no proof of any injury resulting from the unfounded charges aside from having to defend the case. ***Id***.

¶26. While there was an obvious lack of communication and cooperation between the parties in this case, perhaps due to more than one attorney working on this case on Eatman's behalf, there is no proof that suit was brought in hopes of harassing the City or McCorvey. The circuit judge clearly based the award of sanctions under Rule 11 on information received after the initial notice and complaint were filed.

¶27. While the City's motion for summary judgment was properly granted, the circuit court judge abused her discretion in taxing Eatman with attorney's fees and costs. At the time the lawsuit was filed, there existed no affidavit or sworn testimony that at the time of the accident McCorvey was not acting on behalf of the City or somehow within the course of his employment. Applying the proper legal standard, there exists no evidence that, at the time the complaint was filed, it was frivolous or filed for the purposes of harassment or delay. Accordingly, I dissent.

### DIAZ, J., JOINS THIS OPINION.

### WALLER, JUSTICE, DISSENTING:

¶28. Although I agree that sanctions may be warranted, I respectfully dissent because I do not believe that M.R.C.P. 11 is the proper vehicle for an award of attorney fees on the facts of this case.

¶29. The determination of whether an action is frivolous for purposes of Rule 11 must be based on the facts known at the time of the filing of the complaint. ***Bean v. Broussard***, 587 So. 2d 908, 912 (Miss. 1991); *cf.* ***Childs v. State Farm Mut. Auto. Ins. Co.***, 29 F.3d 1018, 1024 n.18 (5th Cir. 1994) (explaining that the federal courts will view pleadings, motions, and other papers as of the time of the filing, but that filing any signed document after it is learned there is not a good faith basis to support suit could lead to an award of sanctions under Rule 11). Eatman apparently only knew at the time of filing of her suit that McCorvey was employed by the City. After the complaint was filed, she discovered that McCorvey was on vacation and driving his personal vehicle at the time of the accident. The majority concludes that Eatman should not have joined the City as an interested party until there was a reasonable basis to believe that the City had some liability.

¶30. Unfortunately, the Mississippi Tort Claims Act, Miss. Code Ann. § § 11-46-1 et seq. (Supp. 1999), and its one-year statute of limitation often make it difficult to do extensive investigation prior to filing suit.[2] When there is some arguable basis to bring suit according to available sources, the complaint should be filed and maintained until it becomes known that the suit was improvidently brought, at which time the suit should be dismissed. This is particularly true in this case where the loss of ability to bring suit is threatened because of the statute of limitation.

¶31. While Rule 11 imposes no continuing duty upon an attorney or party to abandon a complaint that is later learned to be frivolous, the Litigation Accountability Act of 1988 does impose such an obligation. Miss. Code Ann. § 11-55-5 (Supp. 1999); *see also* ***In re Fankboner***, 638 So. 2d 493, 498 (Miss.

1994). Under the Litigation Accountability Act, a court may, on motion of a party or on its own motion, award attorney fees and costs against a party who "unnecessarily expanded the proceedings." Miss. Code Ann. § 11-55-5(1). In this case, Eatman learned through discovery that she had no valid claim against the City, yet she continued to pursue the invalid claim. Even after the City filed its motion for summary judgment and sanctions, Eatman failed to dismiss her complaint. In fact, Eatman could offer no justification for her failure to dismiss against the City when the trial judge inquired as to what basis she had for maintaining her suit against the City. Failure to dismiss such a frivolous claim unnecessarily expands the proceedings and may form the basis of an award of costs and fees under the Litigation Accountability Act. I would reverse and remand for a determination by the trial court of whether such an award is appropriate considering the facts of the instant case in light of those factors set forth by the Legislature as appropriate considerations in making an award under the Litigation Accountability Act. Miss. Code Ann. § 11-55-7 (Supp. 1999).

1. The affidavit was given on March 4, 1998.

2. Ideally, the City would have conducted an investigation and sent a denial of the notice of claim to Eatman pursuant to the provisions of the Tort Claims Act. *See* Miss. Code Ann. § 11-46-11 (Supp. 1999). The facts here, however, indicate that the results of the City's investigation were never given to Eatman's attorney prior to suit being filed.