Thelma JAMES, Plaintiff,

v.

The CHASE MANHATTAN BANK, Arnold Weiss and Guy M. Rogers, Jr., Defendants.

No. 2:01CV98–PB.

United States District Court,
N.D. Mississippi,
Greenville Division.

Oct. 26, 2001.

Arnulfo Ursua Luciano, Jacks, Adams & Norquist, P.A., Cleveland, MS, for plaintiff.

John M. Franklin, III, McKay, Simpson, Lawler, Franklin & Foreman, PLLC, Ridgeland, MS, for defendants.

## MEMORANDUM OPINION

PEPPER, District Judge.

This cause is before the Court on the plaintiff's Motion to Remand. The Court, having considered the motions, the responses thereto, and the briefs and authorities cited, is prepared to rule. The Court finds as follows, to-wit:

### FACTUAL BACKGROUND

The plaintiff, a Mississippi resident, filed this action in the Circuit Court for the Second Judicial District of Bolivar County, Mississippi, on March 8, 2001, against The Chase Manhattan Bank, Arnold M. Weiss and Guy N. Rogers, Jr., alleging various theories of recovery arising out of the fore-

# 548

closure of a deed of trust and subsequent eviction from the plaintiff's home.[1] Chase Manhattan is a foreign corporation for diversity purposes and Arnold Weiss is a citizen of the state of Tennessee. The only non-diverse defendant is Guy Rogers, a Mississippi domiciliary. The defendants' removed the action to this court based on diversity of citizenship pursuant to Title 28 U.S.C. § 1332 arguing that Rogers was fraudulently joined.

Chase Manhattan was the holder of a note from the plaintiff secured by a deed of trust on residential property owned by James. It is undisputed that James defaulted on the note. Upon default, Chase instituted foreclosure proceedings which resulted in a public sale of the plaintiff's property by Weiss as the Substituted Trustee. The public sale took place on December 8, 1999. Subsequently, Rogers was retained as an attorney to bring an action to evict James from the property. The eviction action was commenced in Justice Court in Bolivar County which issued a decree in favor of Chase Manhattan on January 14, 2000, and ordered removal of James from the property.

The plaintiff claims that Chase, along with its agent Weiss, misled the plaintiff into believing that she was required to pay the full amount of the deed of trust after she had defaulted. According to the plaintiff, Chase proceeded to "improperly" foreclose on the property using another deed of trust. Finally, the plaintiff claims the services of Rogers were then utilized to "further effectuate these wrongful actions and conduct the eviction".

The plaintiff now seeks remand of the action to the Circuit Court for the Second Judicial District of Bolivar County arguing that this Court lacks the complete diversi-

ty required to assert subject matter jurisdiction. The defendants oppose the motion alleging that Rogers, the only non-diverse defendant, was fraudulently joined and, as such, his citizenship for diversity purposes should be disregarded by the Court.

## LEGAL ANALYSIS

Federal courts are courts of limited jurisdiction as defined by the constitution and statute. *See generally B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). Indeed, this Court is well advised to "be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *B., Inc.,* 663 F.2d at 548.

As the removing party, the defendants must bear the burden of demonstrating that this action is properly before the Court. *Id.* at 549; *See also Village Fair Shopping Center Co. v. Sam Broadhead Trust,* 588 F.2d 431 (5th Cir.1979); *Ray v. Bird and Son & Asset Realization Co., Inc.,* 519 F.2d 1081 (5th Cir.1975). Similarly, where "fraudulent joinder" is alleged, the burden rests upon the removing party to prove the fraud. *B., Inc.,* 663 F.2d at 549; *Yawn v. Southern Railway Co.,* 591 F.2d 312 (5th Cir.1979). The removing party must do so by clear and convincing evidence. *Rogers v. Modern Woodmen of America,* 1997 WL 206757, *2 (N.D.Miss.1997). The clear issue, then, is whether the defendants have carried their burden. For, if they can demonstrate that Rogers was fraudulently joined, then his Mississippi citizenship will be disregarded for diversity purposes and the Court may retain jurisdiction. If not, however, diver-

---

1. Among the theories the plaintiff asserts are negligence, gross negligence, breach of fiduciary duty, breach of duty of good faith and fair dealing, wrongful foreclosure, and wrongful eviction.

sity is destroyed and the case must be remanded.[2]

■ In order to prove that a party has been fraudulently joined, the removing party must demonstrate either that: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *B., Inc.*, 663 F.2d at 549; *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968); *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962); cert. denied 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

■ The defendants have not alleged outright fraud in the pleadings with regard to jurisdictional facts or the citizenship status of Mr. Rogers as a Mississippi domiciliary for diversity purposes. Thus, the only question remaining is whether the defendants have demonstrated that there is no possibility that the plaintiff would be able to establish a cause of action against Rogers in state court. This is a heavy burden indeed. For,

> if there is *even a possibility* that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts.

*B., Inc.*, 663 F.2d at 550 (emphasis added) (other citations omitted). In analyzing whether such a possibility of a claim exists,

all disputed questions of fact and all ambiguities in controlling state law are to be resolved in favor of the non-removing party. *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990). It is not required of this Court to reach the merits of whether such a cause of action will actually, or even probably, prevail. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995). Rather, this Court need only decide whether it is possible that a state court find a cause of action. *Id.* The existence of such a cognizable claim is to be determined by reference to the allegations contained in the plaintiff's state court pleadings. *Ironworks Unlimited v. Purvis*, 798 F.Supp. 1261, 1263 (S.D.Miss. 1992).

■ However, it is well established in this circuit that a court is to "pierce the pleadings" to determine whether, under state law, the non-removing party can maintain a valid claim against the non-diverse party. *Badon v. RJR Nabisco*, 224 F.3d 382, 389 (5th Cir.2000); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992). "Thus, it is clear that although a state court complaint on its face may allege a state law claim against an in-state defendant that does not preclude it from being removable (by the non-resident defendant), when filed, if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Badon*, 224 F.3d at 390. Consequently, a motion to remand takes on the character of a motion for summary judgment and although the district courts are cautioned against "pretrying a case to determine removal juris-

---

**2.** Diversity actions are removable "... only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28

U.S.C. § 1441(b) "... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c).

diction," summary judgment-type evidence such as affidavits and deposition testimony will be considered to ascertain whether a claim can be made out against the non-diverse party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000).

As a general proposition under Mississippi law, an agent for a disclosed principal incurs no liability for a breach of duty or a contract perpetrated by its disclosed principal and a third party. *Gray v. United States Fidelity & Guaranty*, 646 F.Supp. 27, 29 (S.D.Miss.1986). As an important caveat, however, an individual cause of action may exist against the agent of a disclosed principal if the agent engages in independent conduct "which rises to the level of gross negligence, malice, or reckless disregard for rights of plaintiff." *McFarland v. Utica Fire Ins. Co.*, 814 F.Supp. 518, 521 (S.D.Miss.1992); *Dunn v. State Farm Fire & Cas. Co.*, 711 F.Supp. 1359, 1361 (N.D.Miss.1987); *Bass v. California Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss.1991). Simply put, where the complaint includes allegations which establish a separate and independent tort against the agent, individual liability on the part of the agent will attach. *Gray*, 646 F.Supp. at 29.

This Court is unaware of any authority, however, not only in Mississippi, but anywhere in the country, which suggests that an attorney owes a duty, fiduciary or otherwise, to the adverse party in a case he is litigating. Indeed, the Mississippi Supreme Court has expressly stated "an attorney has no duty to an adverse party." *Roussel v. Robbins*, 688 So.2d 714, 725 n. 4 (Miss.1996). A contrary proposition would, for obvious reasons, be inimical to the American adversary system.[3] In Mississippi, an attorney owes his client duties of care and loyalty as well as duties provided by contract. *Singleton v. Stegall*, 580 So.2d 1242, 1244–45 (Miss.1991); *Hutchinson v. Smith*, 417 So.2d 926, 928 (Miss.1982); *Lowrey v. Will of Smith*, 543 So.2d 1155, 1161–62 (Miss.1989). The scope of these duties requires the attorney to use skill and diligence in handling the affairs of his client and also entail the duties of confidentiality, disclosure and candor. *Singleton*, 580 So.2d at 1244–45. The Mississippi Supreme Court has recognized a distinction between the duty of care and the duty of loyalty owed the client; the latter is fiduciary in nature while the former is not. *Tyson v. Moore*, 613 So.2d 817, 823 (Miss.1992). Either way, these duties extend to the client, not the adversary.[4] Indeed, any duty which

---

**3.** *See* Timothy L. Hall, *Legal Malpractice in Mississippi: Suits by Non–Clients*, 64 Miss. L.J. 1, 15 (1994) ("American law requires lawyers to be at least partially myopic with respect to the concerns and interests of third parties, so as to remain fixedly devoted to those of their clients.")

**4.** The attorney's duties to his client arise when the attorney-client relationship is created, which, under Mississippi law, is when: (1) A person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and (2)(a) The lawyer manifests to the person consent to do so, or (b) fails to manifest lack of consent to do so, knowing that the person

reasonably relies on the lawyer to provide the services, or (c) a tribunal with power to do so appoints the lawyer to provide the services. *Singleton*, 580 So.2d at 1244, n. 2. (quoting Restatement of The Law: The Law Governing Lawyers § 26 (Prelim. Draft No. 6, July 25, 1990)). No duties, therefore, except in very limited circumstances not present in this case where a duty of reasonable care is owed by an attorney to a foreseeable third party, exist with respect to non-clients with whom no attorney-client relationship has arisen; least of all, adversaries. Clearly, no such attorney-client relationship ever existed between Rogers and the plaintiff, and the plaintiff does not allege as much.

extends to the adversary, whether one of a fiduciary nature or one of ordinary reasonable care, creates a conflict of interest. In the words of the Michigan Supreme Court:

> The recognition of duties owed to a client's adversaries not only creates a conflict of interest between duties owed to clients and those owed to non-clients, but also a conflict between the client and the attorney whose representation may be undermined by an attorney's fear of future liability to the non-client.

*Friedman v. Dozorc,* 412 Mich. 1, 312 N.W.2d 585, 591–92 (1981). Rogers, therefore, as counsel for Chase Manhattan, owed no duty to the plaintiff, the adverse party. Consequently, neither a breach of fiduciary duty, nor a negligence claim can be maintained against him.[5]

▮▮▮▮ The plaintiff also alleges that Rogers breached the implied covenant of good faith and fair dealing owed to the plaintiff. The covenant of good faith and fair dealing arises between parties of every contract. *UHS–Qualicare, Inc. v. Gulf Coast Community Hospital, Inc.,* 525 So.2d 746, 757 n. 8 (Miss.1987); *See also* Restatements (Second) of Contracts § 205. However, "[t]he implied covenant operates only when there is already an existing contract." *Cothern v. Vickers, Inc.,* 759 So.2d 1241, 1248 (Miss.2000). Clearly, there is no existing contractual relationship between an attorney and adversary. To hold that such a covenant exists between attorney and adversary would create the same conflict of interest as previously discussed in the breach of fiduciary duty context and run contrary to Missis-

sippi law which holds that an attorney owes no actionable duty to an adversary. *Roussel,* 688 So.2d at 725, n. 4.

▮▮▮▮ According to the plaintiff, however, the Complaint against Rogers asserts theories of recovery for not only breach of fiduciary duty, breach of the implied covenant of good faith and negligence, but also theories that "sound in . . . gross negligence, and wrongful eviction/foreclosure." (Pl. Rebuttal Brief at 3). The facts, however, as well as the uncontradicted evidence provided by the defendant, indicate that there is no possibility of recovery on a gross negligence or wrongful eviction/foreclosure theory. First, even if Chase Manhattan did wrongfully foreclose on the property in question, such an act could not be imputed to Rogers. Rogers was not even retained until after the foreclosure took place. To the extent that Defendants Chase and Weiss allegedly misled the plaintiff beforehand, therefore, Rogers can in no way be implicated. The foreclosure sale having already taken place, Rogers was hired to bring an eviction action for his client, Chase, and was under a duty to zealously pursue the objectives of his client. There is no indication that he carried that duty out with anything less than good faith. Moreover, an action for wrongful eviction is properly brought against the party who instituted the action, in this case Chase Manhattan, not the attorney who represented that party in the eviction proceeding. Nevertheless, it is apparent that even if Rogers, for some reason or another, thought the eviction action had no merit, no personal liability would attach.[6]

---

5. Moreover, "[i]f a complaint is intended to allege a breach of fiduciary duty, it would be necessary to state with particularity the facts which purportedly created the duty that was breached . . ." *Wilbourn v. Stennett, Wilkinson & Ward,* 687 So.2d 1205, 1216 (Miss.1996). A conclusory allegation is insufficient. *Id.*

The plaintiff's complaint in this case is short on particulars pertaining to what facts give rise to a fiduciary duty owing the plaintiff on the part of Rogers.

6. *See* Restatement (second) of Torts § 674, cmt. d:

The essence of the plaintiff's complaint against Rogers, therefore, boils down to the allegation that Rogers was the attorney for an action in which the plaintiff believes was based on an unlawful foreclosure. In this respect this case is analogous to the *Roussel* case. In *Roussel*, the plaintiff brought an action against the adverse attorney in a prior proceeding alleging against him "[t]he use of a falsehood to persuade the court to decide against (a party)." *Roussel*, 688 So.2d at 725. The Mississippi Supreme Court concluded that no such tort existed in Mississippi. *Id.* Moreover, the court held, the attorney owed no duty to the plaintiff "which could give rise to . . . recovery under a tort theory." *Id.* Like the plaintiff in *Roussel*, the plaintiff in this case has failed to allege a cognizable tort theory.

At best, and giving the plaintiff all benefit of doubt, James' allegations against Rogers might be construed to be something akin to malicious prosecution. One of the elements of malicious prosecution in Mississippi, however, is the requirement that the proceeding terminate in the plaintiff's favor. *Roussel*, 688 So.2d at 721; *Benjamin v. Hooper Electronic Supply Co.*, 568 So.2d 1182, 1188 (Miss.1990). Thus, even assuming such a claim could be brought against Rogers, or against Chase and imputed to Rogers, it would invariably fail on these facts because the eviction proceeding did not terminate in the plaintiff's favor.[7]

Finally, the plaintiff provides no evidence to contradict the evidence offered by the defendants and, instead, relies on the bare allegations contained in her Complaint. Mere conclusory allegations, however, are insufficient to deprive diverse defendants of a federal forum. *Addison v. Allstate Ins. Co.*, 58 F.Supp.2d 729, 732 (S.D.Miss.1999). Indeed, "[w]here the plaintiff's complaint is devoid of any *factual* allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated." *Doe v. Cloverleaf Mall*, 829 F.Supp. 866, 870 (S.D.Miss.1993) (emphasis in the original).

In short, based on the allegations in the Complaint and the evidence offered by the defendants, the Court concludes that there is no possibility of recovery against Rogers in a Mississippi court and, as a result, Guy Rogers is fraudulently joined. The plaintiff's Motion to Remand is, therefore, denied.

### CONCLUSION

After careful consideration, the Court finds that the plaintiff's Motion to Remand is not well taken and should be denied. A separate order in accordance with this opinion will be so entered.

An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is not liable if he has probable cause for his action (see s 675); and even if he has no probable cause and is convinced that his client's claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. (See s 676). An attorney is not required or expected to prejudge his client's claim, and although

he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.

Notably, in this case, Rogers was successful in advancing the eviction action.

7. *See* Def. Exhibit C, Abstract of Judgment From Justice Court.