# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00028-SCT

*BARRY WADE GILMER*

*v.*

*CHUCK McRAE, SETH LITTLE, MICHELLE BIEGEL AND BETTIE RUTH JOHNSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2020 |
| TRIAL JUDGE: | HON. JESS H. DICKINSON |
| TRIAL COURT ATTORNEYS: | BARRY W. GILMER |
| | CHUCK McRAE |
| | SETH LITTLE |
| | W. BRADY KELLEMS |
| | MICHELE DAWN BIEGEL |
| | ROBERT G. GERMANY |
| | DANIEL J. MULHOLLAND |
| | DREW McLEMORE MARTIN |
| | THOMAS M. MATTHEWS, III |
| | KYLE STUART MORAN |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JONATHAN B. FAIRBANK |
| | MATTHEW WADE GILMER |
| | BARRY W. GILMER |
| ATTORNEYS FOR APPELLEES: | CHUCK McRAE |
| | SETH LITTLE |
| | ROBERT G. GERMANY |
| | W. BRADY KELLEMS |
| | MICHELE DAWN BIEGEL |
| | B. RUTH JOHNSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 12/08/2022 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2021-CA-00570-SCT

*BARRY WADE GILMER*

*v.*

*SETH LITTLE, MCRAE LAW FIRM, PLLC, LAW
OFFICE OF BETTIE RUTH JOHNSON,
MICHELLE BIEGEL, BETTIE RUTH JOHNSON
AND CHUCK R. MCRAE*

DATE OF JUDGMENT:               1/12/2021
TRIAL JUDGE:                    HON. JESS H. DICKINSON
COURT FROM WHICH APPEALED:      MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:        BARRY W. GILMER
                                JONATHAN B. FAIRBANK
                                MATTHEW WADE GILMER
ATTORNEYS FOR APPELLEE:         CHUCK McRAE
                                SETH LITTLE
                                W. BRADY KELLEMS
                                ROBERY G. GERMANY
                                MICHELE DAWN BIEGEL
NATURE OF THE CASE:             CIVIL - CONTRACT
DISPOSITION:                    AFFIRMED - 12/08/2022
MOTION FOR REHEARING FILED:

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.    In April 2012, Bobby Gibson signed a contingency fee contract with Barry Wade

Gilmer and the Gilmer Law Firm regarding a legal malpractice case. When the contract was

signed, Seth Little, an associate of the Gilmer Law Firm, was assigned to the case. During

the summer of 2013, Little left the Gilmer Law Firm and began working for Chuck McRae

at the McRae Law Firm. Little continued to work on Gibson's case while employed at the

McRae Law Firm. A settlement was ultimately reached in Gibson's case, but the McRae

Law Firm never received any money. McRae hired Michelle Biegel and Bettie Ruth Johnson

2

to sue Gilmer over the attorneys' fees generated by the settlement of the legal malpractice case. Later, Gilmer filed a lawsuit against McRae, Little, Biegel, and Johnson, alleging, among other claims, that McRae, Biegel, and Johnson committed civil conspiracy. Gilmer's suit was ultimately dismissed, and this appeal followed.

## FACTS

¶2. On October 2, 2017, Gilmer filed a complaint in Madison County Circuit Court, raising numerous claims against McRae, Little, Biegel, and Johnson. The fourth count in the complaint was the first lodged against Biegel and Johnson. In that count, Gilmer alleged that Biegel, Johnson, and McRae had committed civil conspiracy. Specifically, Gilmer alleged that McRae, Biegel, and Johnson "came together and fraudulently conspired to defeat and steal the benefits of . . . Gilmer's contingency fee contract with . . . Gibson." Gilmer alleged that Biegel and Johnson "instructed" McRae to call Gibson and to record the conversation, which was a "violation of state and federal law" because the actions were taken with the purpose of "fraudulent pecuniary gain." Gilmer stated that, "[a]s a direct and proximate result of the wrongful acts committed" by McRae, Biegel, and Johnson, he suffered damages.

¶3. On December 30, 2017, McRae, Biegel, and Johnson filed a motion to dismiss in response to Gilmer's complaint. In the motion, Biegel and Johnson argued that they "must be dismissed because an attorney may not be held liable for filing a lawsuit on behalf of a client and because Gilmer fail[ed] to state a claim on which relief could be granted." McRae argued that the case should be dismissed because the trial court lacked personal and subject matter jurisdiction, because he has a constitutional right to an attorney of his choosing, and

because "Gilmer has not complied with the compulsory counterclaim rules or the first-filed doctrine." McRae, Beigel, and Johnson also moved that Gilmer be sanctioned for filing a frivolous suit, pursuant to Mississippi Rules of Civil Procedure 11, 12, 37 and the Litigation Accountability Act of 1988.

¶4. On January 31, 2018, Biegel and Johnson filed a memorandum in support of their motion to dismiss. They argued that they were immune from suit and that they owed no duty to Gilmer, an adverse party in other litigation. They also argued that Gilmer failed to allege facts that would "give rise to a claim for civil conspiracy." Biegel and Johnson explain, "The only factual allegations against Johnson and Biegel are that they instructed McRae to contact his client by telephone and that he recorded the conversation . . . in violation of state and federal law." They continued, arguing that this amounts to a conclusory statement because Gilmer did not state when the violation occurred, how the violation occurred, or what specific law was violated.

¶5. On May 4, 2018, Gilmer filed a motion to amend, but he failed to include a proposed amended complaint to his motion. Then, on May 16, 2018, Gilmer filed an amended motion to amend and attached a copy of his proposed amended complaint. The new complaint included new allegations that McRae, Biegel, and Johnson violated title 41, chapter 29, article 7, of the Mississippi Code, governing the interception of wire or oral communications; that McRae, Biegel, and Johnson committed mail fraud; and that McRae, Biegel, Johnson, and Little all violated the Mississippi Racketeer Influenced and Corrupt Organization Act (RICO). Miss. Code Ann. § 97-43-1 to -11 (Rev. 2020).

4

¶6.     Gilmer sent McRae, Biegel, and Johnson a notice that a hearing would be held on his amended motion to amend the complaint the following day, May 17, 2018.  The notice of hearing Gilmer sent was not from the trial court or from the circuit clerk's office.  Ultimately, no hearing was held on this date, and the trial court did not issue an order granting or denying the motion to amend.

¶7.     A few months later, on July 11, 2018, the Madison County Circuit Court entered an order transferring this case to the Hinds County Chancery Court.  McRae, Biegel, and Johnson all filed motions to reconsider the transfer.  The motions were denied, so McRae, Biegel, and Johnson filed petitions for interlocutory appeal with this Court.  On December 3, 2018, this Court denied McRae's petition for interlocutory appeal, but we granted Biegel and Johnson's petition.  On February 13, 2020, this Court determined that Gilmer's lawsuit should not have been transferred to Hinds County Chancery Court and remanded the suit to the Madison County Circuit Court.  ***Biegel v. Gilmer***, 329 So. 3d 431, 432 (Miss. 2020).  The mandate issued on March 9, 2020.

¶8.     On August 31, 2020, Gilmer filed a "Motion to Adjudicate Amended Motion to Amend" his original complaint.  Gilmer sent a notice of hearing to McRae, Biegel, and Johnson on September 11, 2020, informing them that a hearing on his amended motion to amend the complaint would occur on September 14, 2020.  Gilmer did not attach any document from the Madison County Circuit Clerk or from the trial court verifying that a hearing would be held on September 14, 2020.  Further, the record does not indicate that a

5

hearing was held on September 14, 2020, or at any point after McRae filed his motion to adjudicate.

¶9.     On November 6, 2020, the trial court granted Biegel and Johnson's motion to dismiss. The trial court stated that "no factual basis [was] set forth in the complaint that would allow Gilmer to prevail on his claim that Biegel and Johnson entered into a conspiracy to steal his fees with no sufficient basis on which to file the suit on McRae's behalf."

¶10.    On November 30, 2020, the trial court issued an order requiring Gilmer to pay Biegel and Johnson the cost of the appeal.  The trial court also ordered Gilmer to pay Biegel and Johnson each $6,000 for the costs accrued from Gilmer's suit.  The trial court explained that Gilmer's "filing of the [c]omplaint and pursuit of this litigation ha[d] no hope of success and therefore was frivolous."  Gilmer filed a timely appeal with this Court.

¶11.    Gilmer raises four issues on appeal: (1) whether the trial court erred by dismissing Gilmer's October 2, 2017 complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(6); (2) whether the trial court abused its discretion by awarding attorneys' fees to Biegel and Johnson; (3) whether the trial court abused its discretion by denying Gilmer's amended motion to amend; and (4) whether the trial court abused its discretion by assigning Gilmer the costs of the interlocutory appeal taken by Biegel and Johnson.  Upon review of the record, this Court affirms the trial court's decision as to all four issues.

**DISCUSSION**

1.      **The trial court did not err by dismissing Gilmer's October 2, 2017 complaint.**

6

¶12.    Gilmer first argues that the trial court erred by dismissing his October 2, 2017 complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(6).[1]  Specifically, Gilmer argues that Biegel and Johnson were not immune to suit because their actions with McRae amounted to in civil conspiracy.  Gilmer argues that because he properly alleged civil conspiracy, his complaint should not have been dismissed.

¶13.    A motion to dismiss for failure to state a claim under Mississippi Rule of Civil Procedure 12(b)(6) is reviewed de novo.  *Jourdan River Ests., LLC v. Favre*, 212 So. 3d 800, 802 (Miss. 2015) (citing *Cook v. Brown*, 909 So. 2d 1075, 1077-78 (Miss. 2005)).  A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint.  *Cook*, 909 So. 2d at 1078.  "The allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim."  *Favre*, 212 So. 3d at 802-03 (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (Miss. 2008)).

¶14.    Gilmer sued Biegel and Johnson in their capacities as McRae's attorneys in the lawsuits filed against Gilmer.  This Court has held "an attorney has no duty to an adverse party."  *Roussel v. Robbins*, 688 So. 2d 714, 725 n.4 (Miss. 1996).  Further, the Restatement (Second) of Torts § 674 states:

> One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if: (a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in

---

[1] Gilmer rests his entire argument on his allegation that McRae, Biegel, and Johnson committed civil conspiracy.  He does not address the other allegations raised in his complaint.

which the proceedings are based, and (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

Restatement (Second) of Torts § 674 (Am. L. Inst. 1977). Additionally, in *James v. Chase Manhattan Bank*, the United States Court for the Northern District of Mississippi stated, "This Court is unaware of any authority . . . not only in Mississippi, but anywhere in the country, which suggests that an attorney owes a duty, fiduciary or otherwise, to the adverse party in a case he is litigating." *James v. Chase Manhattan Bank*, 173 F. Supp. 2d 544, 550 (N.D. Miss. 2001). The *James* court explained that allowing an adverse party to sue an opposing attorney for an "implied covenant" would "run contrary to Mississippi law which holds that an attorney owes no actionable duty to an adversary." *Id.* at 551 (citing *Roussel*, 688 So. 2d at 725 n.4.). We agree. Biegel and Johnson owed no duty to Gilmer, an adverse party, when they were acting in their official capacities as McRae's attorneys. Therefore, Biegel and Johnson are immune from Gilmer's lawsuit.

¶15. Further, Gilmer failed to state a claim for civil conspiracy. To establish a claim for civil conspiracy, Gilmer had to allege there was: "(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result." *Rex Distrib. Co., Inc. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 455 (Miss. 2019) (internal quotation marks omitted) (quoting *Bradley v. Kelley Brothers Contractors*, 117 So. 3d 331, 339 (Miss. Ct. App. 2013)).

¶16. Gilmer properly alleged that two or more people agreed that McRae should call Gibson. *See id.* In his complaint, Gilmer stated that McRae, Biegel, and Johnson "came together and fraudulently conspired to defeat and steal the benefits of . . . Gilmer's contingency fee contract with . . . Gibson." But Gilmer did not allege what unlawful purpose was accomplished or what particular law was violated. Instead, Gilmer merely alleged Biegel and Johnson "instructed" McRae to call Gibson, and McRae "overtly followed his co-conspirator's instruction in violation of state and federal law making such recorded phone calls illegal when the purpose of such calls is for fraudulent pecuniary gain." Even if all of his accusations are true, Gilmer fails to properly allege a prima facie case for civil conspiracy.

¶17. Upon review of the record, this Court finds that Biegel and Johnson were immune from suit as they were acting in their official capacities as McRae's attorneys. Further, regardless of immunity, Gilmer failed to properly allege a claim of civil conspiracy. Therefore, we affirm the trial court's grant of Biegel and Johnson's motion to dismiss.

> **2. The trial court did not abuse its discretion by awarding attorneys' fees to Biegel and Johnson.**

¶18. Gilmer's second argument is that the trial court abused its discretion by awarding attorneys' fees to Biegel and Johnson. Specifically, Gilmer argues that the trial court erred because it failed to reference the factors from the Mississippi Litigation Accountability Act when it awarded attorneys' fees to Biegel and Johnson. This Court will not reverse a trial court's award of attorneys fees unless there is a "manifest abuse of discretion in making the allowance[.]" *Bay Point Props., Inc. v. Miss. Transp. Comm'n*, 304 So. 3d 606, 608 (Miss.

9

2020) (quoting *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 269 (Miss. 1999)). "[W]e, as an appellate court, will affirm the decree if the record shows any ground upon which the decision may be justified . . . . We will not arbitrarily substitute our judgment for that of the chancellor who is in the best position to evaluate all factors . . . ." *Id.* (internal quotation marks omitted) (quoting *Mabus v. Mabus*, 910 So. 2d 486, 488 (Miss. 2005)).

¶19. Mississippi Rule of Civil Procedure 11(b) states:

> If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.

M.R.C.P. 11(b). A claim is considered frivolous so as to allow the court to award attorneys' fees "only when, objectively speaking, the pleader or movant has no hope of success." *Kuhn v. High*, 302 So. 3d 630, 641 (Miss. 2020) (internal quotation marks omitted) (quoting *Leaf River Forest Prods., Inc. v. Deakle*, 661 So. 2d 188, 196-97 (Miss. 1995)).

¶20. The Mississippi Litigation Accountability Act states that when a trial court awards attorneys' fees, it "shall specifically set forth the reasons for such award and shall consider the following factors, among others, in determining whether to assess attorney's fees" and lists eleven factors. Miss. Code Ann. § 11-55-7 (Rev. 2019). "The provisions of the [Act] are in harmony with those of the Mississippi Rule of Civil Procedure 11 . . . . The [Act] merely augments Rule 11 by 'stating that the court shall specifically set forth the reasons for awarding attorney fees.'" *Hooker v. Greer*, 81 So. 3d 1103, 1109 (Miss. 2012) (citations omitted). The statutory findings of the Act are not required when attorneys' fees are awarded

10

pursuant to Mississippi Rule of Civil Procedure 11. *Jordan v. McAdams*, 85 So. 3d 932, 937 (Miss. Ct. App. 2012) (citing *Eatman v. City of Moss Point*, 809 So. 2d 591, 593 (Miss. 2000)).

¶21.    In the present case, the trial court did not explain whether it was awarding attorneys' fees pursuant to Rule 11 or the Mississippi Litigation Accountability Act. Instead, the trial court explained that it had "reviewed the pleadings, exhibits, and affidavits filed" and had provided "all parties and their counsel ample opportunity to present legal authorities in support of their respective arguments." The trial court also stated that it made its determinations based on "above-referenced motions and briefs." This included Biegel and Johnson's motion for attorneys' fees in which they named Rule 11 and the Mississippi Litigation Accountability Act as bases for an award.

¶22.    We can assume that the trial court's decision to award attorneys' fees was based on Rule 11(b) as cited by Biegel and Johnson in their Motion and Brief for Fees and Expenses. Therefore, the trial court was not required make on-the-record findings regarding the Litigation Accountability Act factors. *See Expro Americas, LLC v. Walters*, 179 So. 3d 1010, 1021 (Miss. 2015); *Greer*, 81 So. 3d at 1109. Both this Court and the Mississippi Court of Appeals have found that "in the context of attorney's fees awarded pursuant to Rule 11(b), [we] 'will assume that the judge made determinations of fact sufficient to support its ruling where no specific finding has been made' even when no finding in support of the award was explicitly made." *Mark S. Bounds Realty Partners, Inc. v. Lawrence*, 34 So. 3d

1224, 1228 (Miss. Ct. App. 2010) (quoting *Eatman*, 809 So. 2d at 593); *see also Mabus*, 910 So. 2d at 488-89.

¶23. The trial court reviewed the "pleadings, exhibits, and affidavits" filed and determined that Gilmer's lawsuit was frivolous. Upon review of the record, this Court finds that the trial court made determinations of fact sufficient to award attorneys' fees to Biegel and Johnson. *See Eatman*, 809 So. 2d at 593; *Mabus*, 910 So. 2d at 488-89; *Lawrence*, 34 So. 3d at 1228.

### 3. The trial court did not abuse its discretion by denying Gilmer's amended motion to amend.

¶24. Gilmer argues the trial court abused its discretion by denying his amended motion to amend the complaint. This Court reviews a trial court's denial of a motion to amend a pleading for an abuse of discretion. *Holcomb, Dunbar, Watts, Masters, & Golmon, P.A. v. 400 S. Lamar Oxford Mad Hatters Partners, LLC*, 335 So. 3d 568, 572 (Miss. 2022). Mississippi Rule of Civil Procedure 15(a) states, "On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), leave to amend shall be granted when justice so requires upon conditions and within time as determined by the court, provided matters outside the pleadings are not presented at the hearing on the motion." M.R.C.P. 15(a).

¶25. This Court has found, however, that Rule 15(a) is not absolute and that factors like undue delay can prevent leave to amend from being given freely:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded . . . if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

ought to be afforded an opportunity to test his claim on the merits. *In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant*, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice* to the opposing party by virtue of allowance of the amendment, *futility* of the amendment, etc.—*the leave sought should, as the rules require, be "freely given."*

*Webb v. Braswell*, 930 So. 2d 387, 393 (Miss. 2006) (alteration in original) (emphasis added) (quoting *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 962 (Miss. 2002)). Further, a trial court may deny a motion to amend if the amendment would cause "undue prejudice to the opposing party" or "undue delay" in the litigation. *Id.*

¶26. Here, Gilmer filed his initial motion to amend his complaint on May 4, 2018, but failed to attach an amended complaint to his motion. Then, on May 16, 2018, Gilmer filed his amended motion to amend his complaint and attached his new complaint. After filing that motion, Gilmer presented his own notice of hearing to McRae, Biegel, and Johnson. The notice stated that a hearing would be held the next day, May 17, 2018. The record indicates that neither the trial court nor the Madison County Circuit Clerk's Office set this date. The record further indicates that no hearing was ever held on Gilmer's motion.

¶27. Gilmer waited until August 21, 2020, to file a "motion to adjudicate" his amended motion to amend. Two weeks later, on September 11, 2020, Gilmer sent McRae, Biegel, and Johnson another notice, stating that a hearing would be held on September 14, 2020. This document was not sent by the trial court or the circuit clerk's office nor was a hearing held on that date. On two different occasions, Gilmer failed to properly set a hearing date to ensure his motion was heard and decided by the trial court.

13

¶28.  In his motion to adjudicate his amended motion to amend, Gilmer cited the interlocutory appeal as the reason for waiting until August 21, 2020, to request a ruling on his motion to amend.  But interlocutory appeal was not granted until July 20, 2018, and the mandate issued on March 9, 2020.  Between the granting of interlocutory appeal on July 20, 2018, and Gilmer's filing of his amended motion to amend on May 16, 2018, Gilmer filed two motions to "Supplement Response to Motions to Dismiss"; a "Response to Motion to Strike Motion to Supplement Response to Motions to Dismiss"; and a "Reply to . . . Biegel and . . . Johnson's Response in Opposition to Plaintiff's Motion to Supplement Response to Motions to Dismiss."

¶29.  Further, after the mandate issued in the interlocutory appeal on March 9, 2020, and before Gilmer filed his motion to adjudicate on August 21, 2020, Gilmer filed a "Response to Defendants' Motion for Judgment"; "Supplemental Information in Support of Plaintiff's Complaint and in Defense of Motions to Dismiss Filed by all Defendants"; and a "Reply to Biegel and Johnson's Response to Plaintiff's Supplemental Information Docket No. 171."

¶30.  These filings indicate that Gilmer had ample time before the granting of interlocutory appeal and after the appeal process ended to ensure his motion was heard and decided by the trial court.  But Gilmer failed to do this.  The granting of Gilmer's amended motion to amend two years after it was filed would have caused undue delay.  *See Webb*, 930 So. 2d at 393; *Moeller*, 812 So. 2d at 962.  Therefore, we conclude that the trial court did not abuse its discretion by denying Gilmer's amended motion to amend.

14

**4.** **Gilmer is procedurally barred from raising the issue of whether the trial court abused its discretion by assigning Gilmer the costs of the interlocutory appeal taken by Biegel and Johnson.**

¶31. Gilmer's final argument is that the trial court "abused its discretion in assessing Gilmer with the costs of the interlocutory appeal" taken by Biegel and Johnson. But Gilmer cites no authority to support his argument. Mississippi Appellate Rule of Procedure 28(a)(7) requires the appellant to cite relevant authority in its brief. M.R.A.P. 28(a)(7). A failure to do so will cause that issue to be procedurally barred. *Id.*; ***Cowart v. State***, 178 So. 3d 651, 666 (Miss. 2015). Here, Gilmer failed to provide any relevant authority in his brief as to this issue. Therefore, this issue is procedurally barred.

## CONCLUSION

¶32. This Court affirms the trial court's dismissal of Gilmer's October 2, 2017 complaint and the trial court's award of attorneys' fees. This Court also concludes that the trial court did not abuse its discretion by denying Gilmer's amended motion to amend. Finally, this Court finds that Gilmer is procedurally barred from raising the issue of whether the trial court abused its discretion by assigning the costs of the interlocutory appeal to Gilmer.

¶33. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**

15