# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CT-00112-SCT

*MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY AND ALBERT SANTA CRUZ, IN HIS
OFFICIAL CAPACITY AS COMMISSIONER OF
THE MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY*

*v.*

*STACY SMITH, GREG NESTER, AND
KRISTOPHER WINGERT*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2016 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN, JR. |
| TRIAL COURT ATTORNEYS: | DENNIS L. HORN |
| | PETER W. CLEVELAND |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WILSON MINOR |
| | PETER W. CLEVELAND |
| | ANTHONY SCHMIDT |
| | JOHN G. SIMS, III |
| ATTORNEYS FOR APPELLEES: | DENNIS L. HORN |
| | SHIRLEY PAYNE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 05/24/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.    While we address three issues, only one dispositive issue is before the Court: whether

the Employee Appeals Board properly dismissed the Appellees' claims for lack of

jurisdiction due to the untimely filing of the appeal. We hold that it properly dismissed the Appellees' claims for lack of jurisdiction. The course of the proceedings, as outlined below, has lead to the argument of issues not properly before the circuit court and, therefore, not properly before this Court.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2. On December 1, 2005, the Mississippi Department of Public Safety (MDPS) issued notice that eight employees would be transferred from the Mississippi Crime Laboratory/Crime Scene Response Unit to the Mississippi Bureau of Investigation. The Appellees, Stacy Smith, Greg Nester, and Christopher Winger were included in the list of eight employees. The notice further stated that the employees would retain their positions, salaries, and PIN (Personal Identification Numbers). In 2008, without their knowledge, the Appellees lost their PIN numbers. The other five employees transferred kept their PIN numbers.

¶3. On January 18, 2011, the Appellees apparently each wrote a letter to the director of the Mississippi Bureau of Investigation. The letter is not in the record, but it appears that the Appellees requested lateral transfers back to the Mississippi Crime Laboratory. The Director of the Mississippi Bureau of Investigation responded and stated that no Crime Laboratory PINS were available. Thereafter, the Appellees began the grievance process. They proceeded with their grievances through the four steps of the administrative grievance process. Their highest supervisor, Stephen Simpson, wrote that no crime lab positions or PINS were available at the current time and, therefore, their request was denied. The next step would

have been to appeal the response to the Employee Appeals Board (EAB). However, for reasons unknown, this did not happen, and the case stalled.

¶4. More than two years later, on July 9, 2013, the Appellees filed a Petition for Writ of Mandamus in Hinds County Circuit Court. The Petition for Writ of Mandamus was assigned Civil Action No. 251-13-637. The trial court found that it lacked jurisdiction to consider the Petition for Writ of Mandamus because the Appellees had failed to exhaust their administrative remedies by failing to appeal to the EAB. The trial court remanded the claims to the EAB. The EAB held that the appeal was untimely and that the Appellees had failed to exhaust their administrative remedies (by appealing timely to the EAB) before filing in circuit court. Therefore, due to lack of jurisdiction, the EAB dismissed the case.

¶5. The Appellees appealed the dismissal by filing an appeal petition in the circuit court. This appeal petition was assigned Civil Action No. 251-15-369. The appeal petition was assigned to a different judge than the original Petition for Writ of Mandamus. Subsequently, the Appellees filed a motion to transfer the case to the circuit court judge who had been assigned the Petition for Writ of Mandamus. The motion was granted. However, the appeal petition (No. 251-15-369) *was never consolidated* with the petition for Writ of Mandamus (No. 251-13-637). It appears from the record that the remand to the EAB is the last action taken in Cause No. 251-13-637. That case has not been appealed.

¶6. Subsequently, in the appeal petition case, the Appellees moved for summary judgment. The circuit court determined it had jurisdiction due to substantial evidence that the MDPS had failed to follow statutory and Mississippi Personnel Board policies and

3

procedures regarding intraoffice transfer of the Appellees. The circuit court then granted the motion for summary judgment.

¶7. The MDPS appealed. The Court of Appeals affirmed, holding that the Appellees had raised nongrievable matters and therefore, an exhaustion of the grievance process was not needed because a remedy at the grievance process level was not available. Further, the Court of Appeals held that the circuit court possessed jurisdiction. MDPS filed a petition for writ of certiorari. The Court granted the petition.

## STATEMENT OF THE ISSUES

¶8. Between the original briefs on appeal and the additional certiorari briefs are a number of intertwined issues. Although only one dispositive issue remains, for clarity, we address and restate the issues as follows:

> **(1)  Whether the EAB properly dismissed the Appellees' claims for lack of jurisdiction.**
>
> **(2)  Whether the Appellees were required to exhaust their administrative remedies before appeal to the circuit court.**
>
> **(3)  Whether the Writ of Mandamus was the proper vehicle for relief.**

## STANDARD OF REVIEW

¶9. The standard of review for administrative decisions is well-settled. *Ray v. Mississippi Dep't of Pub. Safety*, 172 So. 3d 182, 187 (Miss. 2015) (citing *Miss. Comm'n of Envtl. Quality v. Chickasaw Cty. Bd. of Supervisors*, 621 So. 2d 1211, 1215 (Miss.1993). The agency decision must be affirmed if "the decision was (1) supported by substantial evidence; (2) not arbitrary or capricious; (3) within the scope or power of the agency; and (4)

4

not a violation of the aggrieved party's constitutional or statutory rights." ***Ray***, 172 So. 3d at 187 (citing ***Bd. of Law Enforcement Officers Standards and Training v. Butler***, 672 So. 2d 1196, 1199 (Miss. 1996)).

**ANALYSIS**

¶10.    In the instant case—the appeal petition case— the Petition for Writ of Mandamus from the separate cause number was attached to the circuit court's decision granting summary judgment.  The Appellees also constantly referenced and cited the Petition for Writ of Mandamus.  However, despite these references, a procedural error cannot be ignored.  The two separate cases—the appeal petition (Civil Action No. 251-15-369) and the Petition for Writ of Mandamus (Civil Action No. 251-13-637)—never were consolidated under Rule 42. Miss. R. Civ. 42(a).  Thus, as argued by MDPS, the only issues properly before the Court are the issues stemming from the appeal petition, not the issues stemming from the Petition for Writ of Mandamus.  Therefore, the dispositive issue in this case is whether the EAB properly dismissed the Appellees' claims for lack of jurisdiction due to the untimely filing of the appeal.

> **(1)    Whether the EAB properly dismissed the Appellees' claims for lack of jurisdiction.**

¶11.    The instant appeal begins with the Appellees proceeding through the four-step grievance process, which would have culminated in an appeal to the EAB.  The hearing before the EAB, however, initially was abandoned and came only after the Petition for Writ of Mandamus was filed in the circuit court, in a separate cause, and the circuit court remanded the case to the EAB by order dated May 5, 2015.  However, as stated above, the

5

mandamus case is not before us, as the instant appeal was assigned a different cause number and never was consolidated. Therefore, in this appeal, we will address *only* the EAB's decision and the subsequent appeal to the circuit court.

¶12. The EAB found that it did not have jurisdiction. It stated that Mississippi Code Section 25-9-127 (Supp. 2017) requires employees to follow the Mississippi State Personnel Board's rules for appealing a decision within fifteen days of the final decision from the four-step grievance process. The EAB further found that ***Mississippi Employment Security Commission v. Culbertson***, 832 So. 2d 519 (Miss. 2002), did not require the EAB to hear the merits of the appeal because, in ***Culbertson***, substantial evidence was presented that the employees were discouraged from filing grievances. Further, the EAB considered whether an exhaustion of the Appellees' administrative remedies was required, and it determined that it was.

¶13. First, as the EAB found, we agree that the Appellees missed the allotted time for appealing the denial of their grievance to the EAB. According to the Mississippi Personnel Board Policies and Procedure, "[a] notice of appeal [to the EAB] must be filed within fifteen (15) days after the date a person receives written notice of the final decision of an alleged grievable action . . . ." Code Miss. R. 27-110:10.7. Because the step-four grievance process decision was given to the Appellees on February 8, 2011, their time to appeal to the EAB expired fifteen days later, in February 2011. Therefore, their eventual hearing before the EAB, more than four years later, was untimely and deprived the EAB of jurisdiction. And, even if we were to deem the appeal "filed" on the date the Petition for Writ of Mandamus

6

was filed, on July 9, 2013, the Appellees are still grossly outside the time allowed for an appeal.

¶14.   Second, unlike in *Culbertson*, the Appellees have presented no proof regarding a reason for the delay between the four-step grievance decision and the appeal to the EAB.  In *Culbertson*, the Court held, "[T]he employees' failure to exhaust their administrative remedies in the face of substantial evidence that the MESC did not follow the MSPB rules, will not destroy the jurisdiction of the EAB or an appellate court." *Culbertson*, 832 So. 2d at 523.  However, in *Culbertson*, the decision was based on the fact that "[s]ubstantial evidence was presented that employees were discouraged from filing grievances." *Id.* at 523. Here, no such evidence has been presented. The Appellees' attorney merely stated, "[The Appellees] were in limbo. They tried to exhaust this in 2011, and it didn't work. Then thereafter they hired me."  Thus, it is completely unclear why the Appellees did not appeal the decision to the EAB at that time.  Further, it is completely unclear when the Appellees hired an attorney, as two years elapsed before further action occurred.  Suffice it to say, the record in this case is scant.

¶15.   The EAB's decision is supported by substantial evidence.  *Ray*, 172 So. 3d at 187 (citing *Bd. of Law Enforcement Officers Standards and Training v. Butler*, 672 So. 2d 1196, 1199 (Miss. 1996)).  Further, we cannot say that the decision was arbitrary or capricious, outside the scope or power of the agency, or in violation of the aggrieved party's constitutional or statutory rights. *Id.*

7

¶16. We do think it pertinent to note that, based on the record before the Court, it does *not* appear that the Appellees were given the required notice and a hearing under Mississippi Code Section 25-9-127 when their employment status originally changed. Miss. Code Ann. § 25-9-127 (Rev. 2010). However, without more—such as a reason for the gross delay, as in **Culbertson**—the impropriety of the initial employment transfer does not cure the Appellees' procedural error of failing to appeal the four-step grievance decision in a timely manner. *See **Pub. Employees Ret. Sys. of Mississippi (PERS) v. Hawkins***, 781 So. 2d 899, 906 (Miss. 2001).

> **(2)** **Whether the Appellees were required to exhaust their administrative remedies before appeal to the circuit court.**

¶17. As stated above, the EAB further considered whether the exhaustion of administrative claims was required before appeal to the circuit court. Given the fact that the instant case was never consolidated with the mandamus case, the question of whether the exhaustion of administrative claims was required is moot. The timeliness of the EAB appeal and whether there was any evidence illustrating and excusing the gross time delay are the only issues properly before us today.

¶18. However, due to the arguments on appeal and the split decision of the Court of Appeals, we do find it pertinent to note that a nongrievable matter is a matter from which an employee has *no right* to seek relief or appeal. *See **Moody v. Mississippi Dep't of Pub. Safety/Highway Patrol***, 729 So. 2d 1249, 1252 (Miss. 1999). No right to seek relief or appeal refers to the merits of the claim, and it differs markedly from the right to appeal the procedural question of whether the claim is grievable or nongrievable. As stated in

8

***Mississippi Forestry Commission v. Piazza***, 513 So. 2d 1242 (Miss. 1987), a hearing before the EAB may be needed to determine whether the claim is grievable or nongrievable. ***Id.*** at 1249; *see also **Mississippi Dep't of Human Servs. v. Baum***, 730 So. 2d 58, 62 (Miss. 1998) (holding that a hearing was needed to determine if the employee had a valid complaint). A timely appeal to the EAB would have allowed this question to be answered.

**(3)     Whether the Petition for Writ of Mandamus was the proper vehicle for relief.**

¶19.    As stated above, in the current appeal before the Court, the procedural history began with the grievance procedure and the subsequent hearing before the EAB. Therefore, in the current appeal, the Petition for Writ of Mandamus, filed in a separate cause, is not before us. In fact, the Petition for Writ of Mandamus is, as far as we can tell based on the record before us, still is pending in Civil Action No. 251-13-637. Thus, the instant issue is moot.

## CONCLUSION

¶20.    The Court's ability to provide relief in administrative-review cases is limited. Further, and more importantly here, we are constrained to our procedural rules and processes, and we cannot consider issues stemming from cases not consolidated, and therefore, not properly appealed to us. Thus, the EAB's decision is supported by substantial evidence, and it must be upheld.

¶21.    In essence, we simply cannot ignore the gross procedural errors to accord the requested relief. Therefore, we reverse the circuit court's decision to grant the summary-judgment motion and dismiss the appeal petition because the EAB lacked jurisdiction. The judgments of the circuit court and the Court of Appeals are reversed and judgment is rendered.

9

¶22.    **REVERSED AND RENDERED.**

    **WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND ISHEE, JJ., CONCUR.**