# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-IA-01201-SCT

### *MISSISSIPPI DEPARTMENT OF CORRECTIONS*

### *v.*

### *TIFFANY McCLURE*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2022 |
| TRIAL JUDGE: | HON. LARITA M. COOPER-STOKES |
| TRIAL COURT ATTORNEYS: | JASON MATTHEW KIRSCHBERG |
| | JEFFERY P. REYNOLDS |
| | CARSON HOLT THURMAN |
| | JOSHUA PATRICK GINN |
| | WILSON DOUGLAS MINOR |
| COURT FROM WHICH APPEALED: | HINDS COUNTY COUNTY COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WILSON DOUGLAS MINOR |
| ATTORNEYS FOR APPELLEE: | CARSON HOLT THURMAN |
| | JEFFERY P. REYNOLDS |
| | JASON MATTHEW KIRSCHBERG |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED AND REMANDED - 05/30/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. In January 2020, Tiffany McClure worked as a probation officer. When riots broke out at the state penitentiary at Parchman, she responded to then-Corrections Commissioner Pelicia Hall's call for extra assistance and promise of overtime pay by reporting to Parchman to help. She now alleges that the state never paid the promised wages. The present appeal is one of a series of actions filed by probation and parole officers seeking unpaid wages for their overtime work with the Mississippi Department of Corrections. The chief question

before the Court is whether Mississippi courts have jurisdiction to hear state employees' claims against their employers for breach of contract.

¶2. The Mississippi Department of Corrections attests that the Hinds County County Court erred as a matter of law by failing to dismiss McClure's claims for lack of subject matter jurisdiction because employment-related grievances are reviewed by the Employee Appeals Board exclusively, and any non-grievable claims have no right to relief under state law whatsoever. McClure agrees that her claims are non-grievable, but she asserts that the Hinds County County Court is the only forum that can provide relief.

¶3. The Mississippi Constitution vests original jurisdiction with the circuit courts, and there are no adequate administrative remedies for McClure's breach of contract and constitutional claims. We therefore affirm the trial court's ruling exercising jurisdiction over the matter. Importantly, however, we note that our holding is narrowly tailored to the specific facts of the case *sub judice*.

**BACKGROUND**

¶4. In response to the deadly riots that erupted at Parchman State Penitentiary in January 2020, Pelicia Hall, then-commissioner of the Mississippi Department of Corrections, authorized the payment of overtime hours to help restore order. Tiffany McClure, who was a probation officer at the time, assisted in the efforts at Parchman, working multiple shifts from January through March 2020. McClure maintains, however, that she neither received compensation for her overtime work at Parchman nor was she reimbursed for meal expenses incurred driving the two hundred mile stretch from Hattiesburg to Parchman in Sunflower

County.

¶5.     In February 2021, McClure voluntarily ended her employment with the Department of Corrections and instead began working for the Petal School District.  McClure's 99.5 hours of unused medical leave were not transferred to her job in Petal.   On December 13, 2021, McClure's attorney sent a letter to the state auditor demanding payment in the sum of $2,585.69 for her alleged unpaid overtime and  unreimbursed meal expenses and demanding that her 99.5 hours of unused medical leave be transferred to the Petal School District in accordance with the Mississippi State Employee Handbook. When the state auditor's office did not respond to McClure's demands, she filed a complaint against the Department of Corrections in the Hinds County County Court on January 14, 2022.  In her complaint, McClure (1) asserted a breach of contract claim alleging that the Department violated its employment contract by failing to pay her overtime hours and reimburse her travel expenses; (2) claimed that the Department violated her constitutional rights to due process, access to courts, and the constitutional constraints of involuntary servitude and impairment of contract; and (3) sought a judgment declaring her entitlement to the 99.5 hours of unused medical leave pursuant to the Handbook.

¶6.     On February 28, 2022, the Department answered McClure's complaint and denied the salient allegations raised therein.  The Department did, however, admit that McClure worked several shifts at Parchman from January through March 2020 and had to drive from Hattiesburg to Parchman.  McClure served the Department with multiple written discovery requests and filed five notices of deposition, but the Department "objected to each and every

3

request on the ground that the Hinds County County Court lacked subject matter jurisdiction." McClure then filed a motion to compel discovery and for sanctions, and she filed a motion for a judgment declaring the court's jurisdiction over the matter. In her motion for declaratory judgment, McClure argued that the county court has jurisdiction because, as claims for breach of contract and unpaid wages are non-grievable under the Handbook, they are not subject to administrative review, so "her *only possible remedy* for seeking relief and obtaining the pay that [the Department] promised (and is legally obligated to pay) is through [the Hinds County County Court]."

¶7. The Department, on the other hand, filed a motion to dismiss or, in the alternative, to stay all proceedings, arguing that: (1) the county court lacked jurisdiction because our Court has held that state employees' exclusive remedy for employment-related grievances is an appeal to the Mississippi Employment Appeals Board; (2) McClure's claims are non-grievable, meaning she has "no right under state law to seek or obtain relief from the Hinds County Court"; and (3) McClure is not entitled to have her unused medical leave transferred to Petal because she did not transfer to a state agency per the Handbook.

¶8. The Hinds County County Court held a hearing on the motions on October 20, 2022, in which it determined that it did have subject matter jurisdiction over the case. At the hearing, McClure's counsel asserted that the list of grievances are meant for personnel matters such as transfers or demotions, etc; thus, McClure's counsel argued that her claims, which are breach of contract and constitutional violations, fall neither in the category of a grievance nor the category of a traditional non-grievable personnel offense because the

4

Employment Appeals Board does not have jurisdiction over the claims and cannot provide relief. In response, the Department asserted that, pursuant to *Mississippi Department of Public Safety v. Smith*, 243 So. 3d 172, 176 (¶ 18) (Miss. 2018), the Court has held that a non-grievable matter is a matter in which the employee has no right to seek relief or appeal. The Department noted some public policy concerns that Mississippi courts will "be flooded with lawsuits filed by state employees who can't get relief – who have nongrievable claims, which are a lot of state employees." In rebuttal, McClure's counsel noted that there will only be a flood of lawsuits if the Department continues not paying their employees' earned wages and that public policy favors properly compensating probation and parole officers.

¶9. The county court ultimately denied the parties' motions and stayed discovery "pending the resolution of the subject matter jurisdiction issue through either the appellate process in [one of the five nearly identical claims brought by other officers against the Department] or by the Mississippi Supreme Court's disposition of the interlocutory appeal to be filed in this matter." The Department subsequently filed a petition for interlocutory appeal on November 28, 2022, which the Court granted on May 16, 2023.

## STATEMENT OF THE ISSUES

¶10. The Department raises the following issues for the Court's interlocutory review:

1. Does the Hinds County Court have subject matter jurisdiction over lawsuits filed by state employees against their employer when their claims are non-grievable under state law?

2. Does [McClure] fail to state a claim upon which relief can be granted regarding the transfer of her medical leave to the Petal School District?

5

McClure poses an additional constitutional issue for the Court to consider:

> If neither [the Employment Appeals Board] nor Mississippi courts have jurisdiction to hear state employee breach of contract claims, whether the resulting lack of a remedy violates the Mississippi Constitution's: due process rights (Article III, § 14); protections against impairment to contract (Article III, § 16); rights to remedy an injury (Article III § 24); rights to access courts (Article III, § 25); and protections against involuntary servitude (Article III, § 15).

## STANDARD OF REVIEW

¶11. The Court reviews a trial court's denial of a motion to dismiss for lack of subject matter jurisdiction *de novo*. **Cath. Diocese of Jackson v. De Lange**, 341 So. 3d 887, 891 (¶ 14) (Miss. 2022) (quoting **Schmidt v. Cath. Diocese of Biloxi**, 18 So. 3d 814, 821 (¶ 13) (Miss. 2009)). "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." **Tiger Prod. Co., LLC v. Pace**, 353 So. 3d 429, 433 (¶ 10) (Miss. 2022) (internal quotation marks omitted) (quoting **Weill v Bailey**, 227 So. 3d 931, 934-935 (¶ 14) (Miss. 2017)).

## DISCUSSION

I. **Whether the Hinds County County Court has subject matter jurisdiction to hear McClure's breach of employment contract and constitutional claims against her agency employer, the Mississippi Department of Corrections.**

¶12. The Court holds that Mississippi law grants subject matter jurisdiction to the county court. Alternatively, because there is no adequate remedy for McClure's breach of employment contract claim, the Hinds County County Court correctly exercised its original

jurisdiction over the case. Therefore, the Hinds County County Court's ruling is affirmed.

¶13. "Subject matter jurisdiction is a threshold inquiry that must be determined before a court may proceed to the merits." *Melton v. Union Hill Missionary Baptist Church*, 377 So. 3d 974, 978 (¶ 12) (Miss. 2024) (internal quotation marks omitted) (quoting *Schmidt*, 18 So. 3d at 821 (¶ 13)). "[T]he circuit court has original jurisdiction over all breach of contract cases." *Bd. of Trs. of State Insts. of Higher Learning v. Brewer*, 732 So. 2d 934, 936 (¶ 7) (Miss. 1999); Miss. Const. art. 6, § 156. County courts "have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity." Miss. Code. Ann. § 9-9-21(1) (Rev. 2019). Additionally, the circuit court's jurisdiction, vested by the Mississippi Constitution, cannot be curtailed by statute. *See White v. White*, 26 So. 3d 342, 347 (¶ 13) (Miss. 2010) ("jurisdiction is set by the Mississippi Constitution, and cannot be diminished by statute"). Thus, because the circuit court would have jurisdiction over the subject matter of McClure's civil action, the county court also enjoys jurisdiction. Miss. Code. Ann. 9-9-21(1) (Rev. 2019).

¶14. Under the exhaustion doctrine, "[w]here an administrative agency regulates certain activity, an aggrieved party must first seek relief from the administrative agency before seeking relief from the trial courts." *Pace*, 353 So. 3d at 433 (¶ 11) (internal quotation marks omitted) (quoting *Chevron U.S.A., Inc. v. Smith*, 844 So. 2d 1145 (Miss. 2002)). Although "where no adequate administrative remedy is provided, the exhaustion doctrine is not applicable." *Id.* (internal quotation marks omitted) (quoting *Petro Harvester Oil & Gas Co., LLC v. Baucum*, 323 So. 3d 1041, 1046 (Miss. 2021)).

¶15. The State Personnel Board was established to "administer a state personnel system" to assure, among other things, that state employees are treated fairly "in all aspects of personnel administration." Miss. Code Ann. § 25-9-103 (Rev. 2018). According to the Handbook, the following list of grievable issues are reserved for internal resolution by the State Personnel Board:

> A.    Written Reprimands issued pursuant to Section 7.5 of the MSPB Handbook. Non-state service employees may only grieve Written Reprimands on the basis of alleged violations of state or federal law;
>
> B.    Open Competitive Appointments or Promotions into a Permanent State Service position alleged to be in violation of MSPB or agency policy;
>
> C.    Promotion or appointments alleged to be in violation of state and federal law;
>
> D.    Involuntary relocation of an employee as an alleged disciplinary measure or for arbitrary or capricious reasons; or
>
> E.    Alleged violations of Mississippi Code Annotated § 25-9-171 through § 25-9-177 [whistleblower statutes].

¶16. The State Personnel Board also serves to "appoint an employee appeals board . . . for the purpose of holding hearings, compiling evidence and rendering decisions on appeals of state agency action adversely affecting the employment status or compensation of any employee in the state service." Miss. Code Ann. § 25-9-129 (Rev. 2018). Per the Handbook, "[a]n employee is adversely affected as to compensation or employment status when the employee is dismissed, involuntarily demoted with a reduction in pay, or suspended without pay."

8

¶17. Thus, a state employee must exhaust the internal procedures for grievable issues and state agency actions, as listed above, before seeking a trial court's review. In the case *sub judice,* McClure's claims stem from the Department's alleged breach of employment contract, which is clearly neither a listed grievable issue nor the result of one of the listed state agency actions that affect compensation or employment status; it is uncontested that McClure's claims are non-grievable. Further, both McClure and the Department agree that even if McClure had brought her claims to the State Personnel Board, neither it nor the Employee Appeals Board could have heard the issue or provided relief as they are non-grievable issues under the Handbook.

¶18. The Department argues that because McClure's claims are non-grievable and thus not appealable to the Employee Appeals Board, she "has no right to relief under state law." Thus, the Department boldly declares that any and every issue a state employee may have against her state agency employer is exclusively reserved for the State Personnel Board and the Employee Appeals Board for resolution, and if the issue does not fall within one of the narrow five categories listed in the Handbook, the employee simply has no avenue for relief whatsoever. With respect to McClure's argument that the exhaustion doctrine does not apply because neither Board can render adequate relief, the Department even goes so far as to assert that the employees like McClure seeking relief for non-grievable claims, such as unpaid wages, "simply have no right under state law to any remedy, much less an adequate one."

¶19. In response, McClure declares that the Department's view "defies logic" and that the

list of grievable issues defined in the Handbook are only "meant to unburden the judiciary with common employer/employee disputes, like intra-agency transfers." Further, McClure contends that even if those five categories are intended to encompass the only issues an employee may seek relief for against a state agency employer, then the Handbook effectively eliminates state employees' constitutional rights to due process, rights to access the courts, rights to remedy an injury, and rights against indentured servitude and impairment to contract. Therefore, McClure asks the Court to either (1) declare that trial courts have jurisdiction over some claims not covered in the Handbook, such as her common law breach of contract claim; or (2) declare that the Handbook's exclusive list of grievable issues violates employee's state constitutional rights.

¶20.    Based on the administrative procedures discussed above, McClure would not have received an adequate remedy, if any, had she first submitted her claims for internal review with the State Personnel Board because the Board handles personnel issues, as is evidenced by the narrow list of grievable issues pertaining to common employment disputes that do not require judicial review (i.e., reprimands, appointments, promotions, relocations, etc.). Thus, the Court agrees with McClure that the exhaustion doctrine does not apply, so she properly sought initial relief in the Hinds County County Court.

¶21.    While the Department's efforts are noteworthy, it cannot escape judicial review of the five breach of employment contract cases.[1]  Taking the allegations in McClure's complaint

_____

[1] The Hinds County Circuit and County Courts have declared their subject matter jurisdiction over the following actions brought by officers against the Department for breach of employment contract: (1) *Southerland et al. v. Mississippi Department of Corrections*, No. 2020-cv-2191-LCS (Hinds County County Court); (2) *Hoyt v. Mississippi Department*

as true, that she did work shifts at Parchman and was not paid, the Department would have the Court deny her any relief purely because breach of employment contract is not included in the Handbook's paltry list of grievable personnel issues.

¶22.   The Department asserts that the Court "has repeatedly held that this statutory appeals procedure for the resolution of employment-related grievance is a state employee's exclusive remedy" and that state employees have no right to relief for non-grievable issues.  While the Department subsequently discusses several cases in support of its position, each is easily distinguishable from the present case and thus unpersuasive.

¶23.   In support of its contention that administrative review is the exclusive remedy for state employment related grievances, the Department cites *Wright v. White*, 693 So. 2d 898 (Miss. 1997), *overruled by East Mississippi State Hospital v. Callens*, 892 So. 2d 800 (Miss. 2004), and *Mississippi Forestry Commission v. Piazza*, 513 So. 2d 1242 (Miss. 1987).  As McClure notes, however, the state employees in the cited cases brought grievable claims under the Handbook; here McClure brings non-grievable claims that are not addressed in the Handbook.

¶24.   The Department also relies upon *Moody v. Mississippi Department of Public Safety/Highway Patrol*, 729 So. 2d 1249 (Miss. 1999), and *Mississippi Department of Public Safety v. Smith*, 243 So. 3d 172 (Miss. 2018), to bolster its position that employees have no right to relief for non-grievable claims.  Again, however, the cases are easily

*of Corrections*, No. 22-cv-01165-LCS (Hinds County County Court); (3) *Galloway v. Mississippi Department of Corrections*, No. 22-798-EFP (Hinds County Circuit Court); and (4) *Pace v. Mississippi Department of Corrections*, No. 23-1913-PT (Hinds County County Court).

11

distinguishable from McClure's. *Moody* dealt with retirement benefits, another non-grievable issue. *Moody*, 729 So. 2d at 1254 (¶ 20). The Court held that Moody "did not have the right to appeal this particular matter to the [Employee Appeals Board]," not that there is no right to relief whatsoever for non-grievable issues, as the Department purports. *Id.* at 1252 (¶ 8).

¶25. *Smith* addressed a standard grievable issue, inter-agency transfers, and the issue was whether the Employee Appeals Board correctly dismissed the employees' claims. *Smith*, 243 So. 3d at 175-76 (¶ 11). Additionally, the language in *Smith* that the Department relies upon, "that a non-grievable matter is a matter from which an employee has *no right* to seek relief or appeal[,]" refers only to actions and appeals from the Employee Appeals Board, not an original action in circuit court. *Id.* at 176 (¶ 18). Indeed, the Court clarified that, "[i]n this appeal, we will address *only* the [Employment Appeal Board's] decision and the subsequent appeal to the circuit court." *Id.* at 175 (¶ 11).

¶26. Here, McClure brings a non-grievable common law breach of contract claim and constitutional claims in which the exhaustion doctrine does not apply; those claims are not included in the Handbook's enumerated list of grievable issues that may be addressed and remedied by the State Personnel Board and appealed to the Employee Appeals Board.

    **II.**    **Whether McClure's unused medical leave claim is properly before the Court.**

¶27. In its brief, the Department also discusses McClure's claim that her unused medical leave must be transferred to her current job at the Petal School District. The Department asserts that unused medical or personal leave hours are only "transferrable between any and

12

all State agencies, junior colleges and senior colleges." 27 Miss. Admin. Code Pt. 120, R. 3.2 (Transfer of Leave Between State Agencies). Thus, the Department argues that a local school district is not a state agency, a community college, or a university, so McClure is not entitled to have the hours transferred.

¶28. McClure, however, addresses the issue only to the extent that it is not properly before the Court because the Department did not raise it in its petition for interlocutory appeal. In response, the Department argues that the issue is properly before the Court because it "sought interlocutory review so that this Court would reverse the County Court's order denying [its] motion to dismiss."

¶29. McClure's medical leave is not properly before the Court. Although the Department did ask the Court to reverse the county judge's denial of its motion to dismiss in its petition for interlocutory appeal, it did so solely on jurisdictional grounds. The only issue the Department presented in its petition is whether state employees may bypass the Mississippi State Personnel Board and file an original action in a trial court. The Department does not even mention McClure's medical leave claim in its petition. Furthermore, in anticipation of the Court's final decision on whether it has subject matter jurisdiction, the trial court did not address the issue in its order denying the Department's motion to dismiss.

¶30. The Court's appellate jurisdiction "is not limited to only the issues stated in the Petition for Interlocutory Appeal." *Pub. Emps. Retirement Sys. of Miss. v. Hawkins*, 781 So. 2d 899, 900 (¶ 4) (Miss. 2001). "Jurisdiction of the interlocutory appeal is in large measure jurisdiction to deal with all aspects of the case that have been sufficiently illuminated to enable decision by the [reviewing court] without further trial court

13

development." *Id.* (quoting 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,

*Federal Practice & Procedure: Jurisdiction & Related Matters 2d* § 3921.1 (1996)). The

trial court neither addressed the medical leave issue at the hearing nor in its order and stayed

discovery pending the present appeal. Additionally, the Department did not argue the issue

in its petition for interlocutory appeal, and McClure did not defend her position on the issue

except to assert that it was not properly before the Court on interlocutory appeal.

## CONCLUSION

¶31. The Mississippi Constitution vests the Hinds County County Court with original

jurisdiction over McClure's claims, and the exhaustion doctrine does not apply because there

are no adequate administrative remedies for her claims. Therefore, we hold that the Hinds

County County Court did nor err, and we affirm its exercise of jurisdiction over the matter.

¶32. **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**