# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01092-COA

MISSISSIPPI DEPARTMENT OF                       **APPELLANT**
CORRECTIONS

v.

GREG L. GALLOWAY                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/22/2024 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL BY: WILSON DOUGLAS MINOR |
| ATTORNEYS FOR APPELLEE: | JEFFERY P. REYNOLDS JASON MATTHEW KIRSCHBERG CARSON HOLT THURMAN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 05/12/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. Greg Galloway sued his former employer, the Mississippi Department of Corrections (MDOC), alleging that MDOC failed to pay him overtime wages and reimburse him for meal expenses. The Hinds County Circuit Court sanctioned MDOC and ultimately entered a default judgment against MDOC on the issue of liability after finding that MDOC failed to comply with the court's order compelling discovery. The circuit court subsequently awarded Galloway $7,231.63 in damages and *all* "reasonable attorneys' fees and expenses incurred in pursuing his claims in this matter" ($52,433.85). On appeal, MDOC challenges only the

award of attorneys' fees. For the reasons explained below, the record does not support the amount of attorneys' fees awarded. Therefore, we reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. Galloway was formerly employed by MDOC as a probation/parole officer. When riots broke out at the Mississippi State Penitentiary at Parchman in December 2019 and January 2020, then-MDOC Commissioner Pelicia Hall allegedly authorized overtime pay for officers who worked emergency security at Parchman. Galloway worked the security detail at Parchman from January to March 2020. In November 2021, MDOC allegedly authorized overtime pay for officers who transported inmates to and from hospitals for treatment. Galloway worked multiple shifts transporting inmates to and from hospitals in the Memphis area in November 2021. Galloway resigned from MDOC in December 2021.

¶3. In December 2022, Galloway served MDOC with a pre-suit demand for unpaid overtime wages and reimbursements for meal expenses. After receiving no response, Galloway sued MDOC in the Hinds County Circuit Court for breach of contract and violations of his rights under the Mississippi Constitution. Galloway's breach-of-contract claim relied on the Mississippi State Employee Handbook. MDOC timely answered and asserted a defense that the circuit court lacked subject matter jurisdiction.

¶4. Galloway's lawsuit was one of at least five similar lawsuits filed against MDOC in Hinds County, four of which were filed in the Hinds County County Court. *See MDOC v. McClure*, 386 So. 3d 372, 376, 379 (¶¶9, 21) & n.1 (Miss. 2024). The same attorneys

2

represented the plaintiffs in all five cases.[1]  In the previously filed cases, MDOC had argued that the court lacked subject matter jurisdiction because the employees' exclusive remedy was an appeal to the Employee Appeals Board (EAB).  *Id.* at 375-76 (¶7).  In *McClure*, the county court denied MDOC's motion to dismiss for lack of subject matter jurisdiction but also stayed discovery pending a ruling on MDOC's petition for interlocutory appeal.  MDOC filed its petition for interlocutory appeal in *McClure* in November 2022, *id.* at 376 (¶9), one month before Galloway filed his lawsuit in circuit court.  In *McClure*, the plaintiff (represented by the same attorneys as Galloway) "agree[d]" with MDOC that the Supreme Court should allow an interlocutory appeal because "resolution of the [jurisdictional] issue presented would '[r]esolve an issue of general importance in the administration of justice.'" (Quoting M.R.A.P. 5(a)(3)).

¶5.    On February 24, 2023, Galloway served MDOC with interrogatories, requests for admissions, and document requests.  On March 27, MDOC served responses and objections to Galloway's discovery requests.  MDOC objected to every request on the ground that the "[c]ourt lack[ed] subject matter jurisdiction."  MDOC denied Galloway's requests for admissions but otherwise provided no substantive responses to the discovery requests.  The next day, Galloway's counsel requested that MDOC provide full and complete responses within seven days.  However, MDOC did not do so.

¶6.    On May 11, 2023, Galloway filed a motion requesting that the court affirm that it had subject matter jurisdiction, compel MDOC to respond to discovery requests, and sanction

---

[1] Counsel for Galloway informed the circuit court that the Police Benevolent Association retained and paid his firm to represent the plaintiffs.

3

MDOC for its failure to respond to discovery requests. On June 30, 2023, Galloway noticed a hearing on the motion for October 17, 2023, at 9:30 a.m.

¶7. Around 10 p.m. on October 16, 2023, MDOC filed an untimely response to Galloway's motion, arguing that the court lacked subject matter jurisdiction. MDOC argued that the court should dismiss the case for lack of jurisdiction or, in the alternative, stay the case pending resolution of the interlocutory appeal in *McClure*. The Mississippi Supreme Court had granted MDOC's petition for interlocutory appeal in *McClure* on May 16, 2023, but had not yet issued an opinion on the merits.

¶8. The next morning, MDOC failed to appear at the hearing in circuit court. In addition, MDOC provided no notice to the court that it would not attend the hearing.[2] Galloway's attorneys argued their motion and requested that MDOC be ordered to pay $2,500 for attorneys' fees that Galloway incurred in bringing the motion to compel discovery.

¶9. On November 30, 2023, the court entered an order (1) ruling that the court had subject matter jurisdiction over the case, (2) ordering MDOC to "provide full, substantive responses" to all of Galloway's discovery requests within seven days, and (3) ordering MDOC to pay attorneys' fees that Galloway incurred in bringing the motion in the amount of $2,500.

¶10. On December 7, 2023, MDOC served its discovery responses. MDOC provided substantive answers to the discovery requests and produced some responsive documents.

---

[2] At the outset of the hearing, the judge stated that she would enter a show-cause order directing the Attorney General's office to appear and explain why they should not be sanctioned for their untimely response and failure to appear at the hearing. The court noted that MDOC's response "raise[d] some very interesting issues," but MDOC's failure to appear and untimely response were "disrespectful to [the] [c]ourt." The record does not indicate that the court entered a show-cause order.

4

MDOC also referred Galloway to documents already produced to Galloway's attorneys in one of the related cases pending in county court (*Southerland v. MDOC*). MDOC also continued to object that the court lacked subject matter jurisdiction. Finally, MDOC responded to several document requests by stating, inter alia, that it was "in the process of conducting an electronic search and review of documents potentially responsive to [the] request[s]" and would "produce responsive documents on a rolling basis as they [were] reviewed for relevance and privilege."

¶11. On December 14, 2023, Galloway's counsel sent MDOC's counsel an email identifying deficiencies in MDOC's discovery responses. He asked MDOC to cure the deficiencies and provide "full, substantive responses" to all requests within seven days. MDOC did not respond.

¶12. On December 28, 2023, Galloway filed a motion to find MDOC in contempt for failing to comply with the court's prior order, to compel MDOC to produce all responsive documents within five days, and to sanction MDOC by entering a default judgment against it on the issue of liability. *See* M.R.C.P. 37(b)(2)(A)(iii). MDOC did not file a response.

¶13. On January 29, 2024, the circuit court granted Galloway's motion, ordered MDOC to provide full, substantive responses to all of Galloway's discovery requests within five days, and entered a default judgment against MDOC on the issue of liability as a sanction for MDOC's repeated discovery violations and failure to comply with the court's prior order.

¶14. In March 2024, Galloway filed a motion for partial summary judgment as to damages, attaching an affidavit from a certified public accountant who calculated that MDOC owed

5

Galloway $7,231.63 in unpaid wages and expense reimbursements. In his motion, Galloway also requested an award of attorneys' fees and expenses pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). He argued that he was entitled to attorneys' fees and expenses under the FLSA because the State Employee Handbook referred to certain provisions of the FLSA.

¶15. On May 30, 2024, the Mississippi Supreme Court decided the interlocutory appeal in *McClure*, affirming the county court's denial of MDOC's motion to dismiss. The Supreme Court held:

> The Mississippi Constitution vests original jurisdiction with the circuit courts, and there are no adequate administrative remedies for McClure's breach of contract and constitutional claims. We therefore affirm the trial court's ruling exercising jurisdiction over the matter. Importantly, however, we note that our holding is narrowly tailored to the specific facts of the case sub judice.

*McClure*, 386 So. 3d at 374-75 (¶3).

¶16. On June 6, 2024, MDOC filed an untimely response to Galloway's motion for partial summary judgment. MDOC's response did not respond to Galloway's claim for unpaid wages and meal reimbursements; rather, MDOC *only* addressed Galloway's request for attorneys' fees. MDOC argued that Galloway could not recover attorneys' fees under the FLSA because sovereign immunity barred any FLSA claims against MDOC.[3] MDOC further argued that the State Employee Handbook did not waive sovereign immunity merely by stating that employees' compensatory leave time would be calculated based on federal

---

[3] *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021) ("[I]t would be impossible for [MDOC employees] to state a claim under the FLSA because sovereign immunity bars suit against [MDOC].").

6

regulations promulgated under the FLSA.

¶17. In rebuttal, Galloway objected to MDOC's untimely response. Galloway also argued that the circuit court could award attorneys' fees as a sanction for MDOC's conduct during the litigation—either under Rule 11 of the Mississippi Rules of Civil Procedure or the court's "inherent authority."

¶18. The circuit court granted Galloway's motion for partial summary judgment and awarded Galloway $7,231.63. The court also found "that, pursuant to [Rule 11] and the Court's inherent authority," Galloway was "entitled to his reasonable attorneys' fees and expenses incurred in pursuing his claims in this matter." The court directed Galloway to submit sworn proof in support of his claim for attorneys' fees and expenses.

¶19. One of Galloway's attorneys submitted an affidavit stating Galloway had incurred reasonable and necessary attorneys' fees and expenses totaling $54,933.85 and that MDOC had previously paid $2,500 of that amount as a result of the court's prior order.[4] The affidavit filed in court attached heavily redacted invoices showing only hours, hourly rates, and amounts billed. All descriptions of the work performed were completely redacted. Unredacted invoices were submitted to the court for in camera review.

¶20. MDOC objected that it could not adequately respond to Galloway's motion because Galloway had redacted all descriptions of the work performed. MDOC also argued that Galloway waived any privilege with respect to the invoices by submitting them to the court for in camera inspection and requesting an award of attorneys' fees. Finally, MDOC argued

_____

[4] The affidavit stated that the Police Benevolent Association had paid the remainder of Galloway's fees and expenses.

7

that the amount of fees requested was "unreasonable and should be dramatically reduced."

¶21. The circuit court entered a final judgment granting Galloway's request for attorneys' fees and expenses in the full amount of $52,433.85. The court stated that the fees and expenses were awarded pursuant to Rule 11 and the court's "inherent authority." The court also found all fees and expenses Galloway requested were "reasonable." MDOC filed a notice of appeal.

## ANALYSIS

¶22. On appeal, MDOC does not contest the circuit court's default judgment on the issue of liability or award of compensatory damages. MDOC only challenges the circuit court's award of $52,433.85 in attorneys' fees and expenses. MDOC argues that the circuit court erred in awarding Galloway $52,433.85 in attorneys' fees because (1) Galloway sought Rule 11 sanctions in his rebuttal brief as opposed to his initial motion, (2) the circuit court did not identify a pleading or motion MDOC filed that was frivolous or filed for the purpose of harassment or delay, and (3) the State Employee Handbook did not incorporate the FLSA's attorneys' fees provision, 29 U.S.C. § 216(b).[5]

---

[5] On appeal, MDOC does not reassert its arguments that it was entitled to review the unredacted invoices that Galloway submitted to the circuit court for in camera review and that Galloway waived privilege with regard to those records. Because MDOC does not raise that issue on appeal, we do not reverse on that ground. *But see, e.g.*, *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 152 (D.C. Cir. 1997) ("By [seeking] attorney's fees . . . and offering the billing statements as evidence of the same, [the claimant] waived its attorney-client privilege with respect to the redacted portions of the billing statements . . . . If [the claimant seeks] attorney's fees . . . , it must disclose the billing statements itemizing those fees in [their] entirety, notwithstanding its claim that portions of the billing statements are privileged. If [the] claim of attorney-client privilege would otherwise have been valid, the information could perhaps be examined by [the opposing party] under seal, *but in camera review by the court alone is insufficient*." (emphasis added)); *Nationwide Payment Sols. LLC*

8

¶23.   In response, Galloway argues that the award was proper under Rule 11, the circuit

court's inherent authority, and the Mississippi Litigation Accountability Act. *See* Miss. Code

Ann. § 11-55-1 to -15 (Rev. 2019).  On appeal, Galloway does *not* argue that attorneys' fees

were recoverable under the FLSA or the State Employee Handbook.[6]

¶24.   "This Court reviews a trial judge's award of sanctions under Rule 11 and the

Litigation Accountability Act for abuse of discretion."  *Collins v. Koppers Inc.*, 59 So. 3d

582, 591 (¶27) (Miss. 2011).  "In the absence of a definite and firm conviction that the court

below committed a clear error of judgment in the conclusion it reached upon weighing of

relevant factors, the judgment of the court's imposition of sanctions will be affirmed."  *Id.*

(quoting *In re Spencer*, 985 So. 2d 330, 337 (¶19) (Miss. 2008)).

##### I.      Rule 11

¶25.   MDOC first argues that the circuit court erred in awarding Galloway attorneys' fees

and expenses as sanctions pursuant to Rule 11 because Galloway's motion for partial

summary judgment did not rely on Rule 11.  However, the Mississippi Supreme Court has

held that it is "implicit in Rule 11's language that the [trial court] may act on its own

initiative."  *Tricon Metals & Servs. Inc. v. Topp*, 537 So. 2d 1331, 1335 (Miss. 1989).

---

*v. Plunkett*, 831 F. Supp. 2d 337, 338 (D. Me. 2011) ("[B]etter-reasoned caselaw holds[] that
to the extent that a fee-invoice claimant wishes a court to review an unredacted version of
its attorneys' billing invoices for the purpose of judging the reasonableness of its fee request,
it must, as a matter of fundamental fairness, permit its opponent to review the unredacted
version and be heard as to the reasonableness of the fee request with the benefit of that full
and unfettered review.").

   [6] Since the circuit court did not rely on the FLSA or the State Employee Handbook,
it is unnecessary to address the issue further.

Therefore, "[o]ur trial courts have authority to act sua sponte under Rule 11 and ought exercise that authority against the backdrop of their inherent authority to impose sanctions upon those who abuse the judicial process." Accordingly, the trial court had the authority to impose sanctions under Rule 11 even though Galloway's motion for partial summary judgment relied solely on the FLSA.

¶26. MDOC next argues that the circuit court abused its discretion by awarding attorneys' fees and expenses without making any specific finding that MDOC filed a motion or pleading that violated Rule 11. Rather, in its order granting Galloway's motion for partial summary judgment, the court simply stated: "[T]he Court finds that, pursuant to Miss. R. Civ. P. 11 and the Court's inherent authority, Officer Galloway is entitled to his reasonable attorneys' fees and expenses incurred in pursuing his claims in this matter."

¶27. "[I]n the context of attorney's fees awarded pursuant to Rule 11(b), we will assume that the [court] made determinations of fact sufficient to support its ruling . . . even when no finding in support of the award was explicitly made." *Gilmer v. McRae*, 355 So. 3d 219, 226 (¶22) (Miss. 2022) (quotation marks and other brackets omitted). Therefore, despite the circuit court's lack of specific findings in this case, "we will proceed . . . with an assumption that the [court] made findings of fact sufficient to support the award of attorney's fees." *Mark S. Bounds Realty Partners Inc. v. Lawrence*, 34 So. 3d 1224, 1228 (¶11) (Miss. Ct. App. 2010).

¶28. Rule 11(b) provides, in part:

> If any party files a motion or pleading which, in the opinion of the court, is *frivolous or is filed for the purpose of harassment or delay*, the court may

order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.

M.R.C.P. 11(b) (emphasis added). "Filing" such a motion or pleading "is that which triggers the possibility of sanctions." *Eatman v. City of Moss Point*, 809 So. 2d 591, 593 (¶6) (Miss. 2000) (quoting *Nationwide Mut. Ins. Co. v. Evans*, 553 So. 2d 1117, 1120 (Miss. 1989)).

¶29.    "When a party espouses a viable legal theory, [Rule]11 sanctions are inappropriate." *Brown v. Hartford Ins.*, 606 So. 2d 122, 127 (Miss. 1992). "'A pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success.'" *Eatman*, 809 So. 2d at 593 (¶6) (brackets omitted) (quoting *Tricon Metals*, 537 So. 2d at 1336). "[A] defensive pleading . . . is not frivolous unless conceding it to be true it does not, taken as a whole, contain any defense to any part of complainant's cause of action and its insufficiency as a defense is so glaring that the Court can determine it upon a bare inspection without argument." *In re Est. of Smith*, 69 So. 3d 1, 6 (¶19) (Miss. 2011) (quotation marks omitted) (quoting *Sherrill v. Stewart*, 197 Miss. 880, 898, 21 So. 2d 11, 17 (1945)). A motion or pleading is frivolous only when it is "so clearly untenable, or the insufficiency of which is so manifest upon a bare inspection of the pleadings, that the court or judge is able to determine its character without argument or research." *Id.* (quoting *Sherrill*, 197 Miss. at 898, 21 So. 2d at 17). "If argument is necessary to convince the Court of the bad faith of the pleader or the insufficiency of the plea it can not be held to be frivolous." *Id.* (quoting *Sherrill*, 197 Miss. at 898, 21 So. 2d at 17). "Though a case may be weak or 'light-headed,' that is not sufficient to label it frivolous." *Choctaw*

11

*Inc. v. Campbell-Cherry-Harrison-Davis and Dove*, 965 So. 2d 1041, 1045 (¶7) (Miss. 2007) (quoting *Scruggs v. Saterfiel*, 693 So. 2d 924, 927 (Miss. 1997)). "To deem a question of law 'frivolous, groundless in fact or in law, or vexatious' merely because there is **no existing Mississippi law on the subject** would have a chilling effect on all litigation involving questions of first impression." *Id.* (quoting *Scruggs*, 693 So. 2d at 927).

¶30.    Here, the circuit court awarded Galloway "his reasonable attorneys' fees and expenses *incurred in pursuing his claims in this matter*." (Emphasis added). The court stated that the case "should have been straightforward" and that MDOC eventually "admit[ted]" or "concede[d]" that it owed Galloway the $7,231.63 in wages and reimbursements he was awarded by the final judgment.[7] The court also stated that if MDOC had simply paid Galloway what "he was owed, this lawsuit would have been unnecessary." In other words, the court effectively sanctioned MDOC for its *entire defense of the case*.

¶31.    We cannot agree with the circuit court that MDOC's entire defense of the case was *frivolous*. MDOC argued at the outset of the case that the circuit court lacked subject matter jurisdiction. Quoting the Mississippi Supreme Court, MDOC argued that "the statutory

---

[7] In its interrogatory responses, MDOC *did* dispute Galloway's claim that MDOC promised "overtime pay" "for every hour worked" on the Parchman detail, "including travel time." MDOC stated that it authorized overtime pay (i.e., "time-and-a-half" pay) for *overtime* hours worked—"hours worked that would have otherwise been banked as Agency comp time and/or FLSA compensatory leave." MDOC also denied that it authorized overtime pay for the November 2021 prisoner transportation detail. Finally, MDOC denied that it had failed to pay Galloway for any hours he worked or travel expenses for which he submitted a voucher. However, the circuit court subsequently entered a default judgment against MDOC on the issue of liability as a discovery sanction. That default judgment rendered MDOC's denials irrelevant. Therefore, it is more accurate to say that MDOC did not challenge the default judgment once it was entered than to suggest that MDOC conceded or admitted that it had always owed Galloway wages and expense reimbursements.

method of administrative appeal and judicial review provided by the state civil service statute is the *exclusive remedy* for grievances related to state employment and *may not be bypassed by filing an original action*" in circuit court. *Wright v. White*, 693 So. 2d 898, 902 (Miss. 1997) (emphasis added), *overruled on other grounds by E. Miss. State Hosp. v. Callens*, 892 So. 2d 800, 822 (¶55) (Miss. 2004). Quoting another Supreme Court precedent, MDOC further argued that Galloway's claims were nongrievable and "that a nongrievable matter is a matter from which an employee has *no right* to seek relief or appeal." *Miss. Dep't of Pub. Safety v. Smith*, 243 So. 3d 172, 176 (¶18) (Miss. 2018) (emphasis by the Supreme Court). MDOC explained that the Supreme Court had already granted a petition for interlocutory appeal raising this very issue.[8] Therefore, MDOC urged the circuit court to stay discovery in this case pending the Supreme Court's decision in *McClure*. MDOC stated that it would respond to Galloway's discovery requests promptly if the Supreme Court decided the issue against MDOC in *McClure*. In the alternative, MDOC argued that the court should address the jurisdictional issue and dismiss for lack of subject matter jurisdiction.

¶32. In *McClure*, the Mississippi Supreme Court ultimately held (on May 30, 2024) that the county court had jurisdiction over the plaintiff's "non-grievable common law breach of contract claim and constitutional claims [under the Mississippi Constitution]." *McClure*, 386 So. 3d at 380-81 (¶¶26, 31). The Supreme Court reasoned that *because* such "claims are not included in the [State Employee] Handbook's enumerated list of grievable issues that may

_____

[8] As discussed above, MDOC filed its petition for interlocutory appeal in *McClure* in November 2022, before Galloway filed suit. The Supreme Court granted the petition in May 2023. Galloway's attorneys also represented the plaintiff in *McClure*.

be addressed and remedied by the State Personnel Board and appealed to the Employee Appeals Board," the requirement that the employee must exhaust his administrative remedies "does not apply," and the employee may instead pursue an original action in a trial court. *Id.* at 380 (¶26). In so holding, the Supreme Court *clarified* its prior statement "that a non-grievable matter is a matter from which an employee has *no right* to seek relief or appeal." *Id.* at (¶25) (quoting *Smith*, 243 So. 3d at 176 (¶18)). The Supreme Court explained that its "language in *Smith* . . . refer[red] only to actions and appeals from the Employee Appeals Board" (EAB) and did not apply to matters that could not "be addressed or remedied by the State Personnel Board and appealed to the [EAB]." *Id.* at (¶¶25-26). The Supreme Court also stated: "Importantly, however, we note that our holding is narrowly tailored to the specific facts of the case sub judice." *Id.* at 375 (¶3).

¶33. At the time MDOC argued that this case should be stayed or dismissed for lack of subject matter jurisdiction, the argument was not objectively *frivolous*. Indeed, the plaintiff in *McClure*, represented by the same attorneys as Galloway, expressly argued that the case "present[ed] an issue of *first impression*—whether Mississippi Courts have subject matter jurisdiction over claims asserted by state employees against their employer for breach of employment contract to pay overtime wages and violations of the Mississippi Constitution." Appellee's Br. at 3, *MDOC v. McClure*, 2022-IA-01201-SCT (Miss.) (filed Dec. 27, 2023) (emphasis added).

¶34. The answer to that jurisdictional issue of first impression was not "so manifest upon a bare inspection of the pleadings" that the court could have decided it "without argument

14

or research." *In re Est. of Smith*, 69 So. 3d at 6 (¶19) (quoting *Sherrill*, 197 Miss. at 898, 21 So. 2d at 17). In addition, as stated above, an argument is not "frivolous" "merely because there is no existing Mississippi law on the subject." *Choctaw Inc.*, 965 So. 2d at 1045 (¶7) (emphasis omitted). Here, existing Mississippi law did not directly address the jurisdictional issue, and language in prior precedents *supported* and provided reasonable building blocks for MDOC's arguments. In *McClure*, the Supreme Court had to *clarify* those prior precedents and explain why they did not require dismissal of McClure's claims, which were substantially similar to Galloway's claims. *See McClure*, 386 So. 3d at 379-80 (¶¶24-25). And even then, the Supreme Court cautioned that its "holding" allowing the lawsuit to proceed was "narrowly tailored to the specific facts of [that] case." *Id.* at 375 (¶3). Under these circumstances, we cannot say that MDOC's defense of this lawsuit by moving to stay or dismiss for lack of subject matter jurisdiction was objectively "frivolous." To the contrary, that jurisdictional issue was unsettled and open to reasonable debate during the first seventeen months this case was pending.

¶35. For essentially the same reasons, we cannot conclude that MDOC moved to stay or dismiss this action for an improper "purpose of harassment or delay." M.R.C.P. 11(b). "[The Supreme] Court has held that pleadings found to be justiciable, viable, or colorable are not for the purpose of harassment or delay; thus, sanctions are inappropriate." *Gamma Healthcare Inc. v. Est. of Grantham*, 334 So. 3d 85, 94 (¶23) (Miss. 2022) (quoting *Est. of McLemore v. McLemore*, 63 So. 3d 468, 490 (¶68) (Miss. 2011)). It is the Attorney General's duty to defend "all suits against the [S]tate." Miss. Code Ann. § 7-5-39(1) (Rev.

15

2019). Until the Supreme Court issued its opinion in *McClure* on May 30, 2024, MDOC's contention that the circuit court lacked subject matter jurisdiction was, at the very least, a "colorable" defense to this action. "[S]anctions are inappropriate" for the assertion of a "colorable" defense. *Gamma Healthcare*, 334 So. 3d at 94 (¶23). Accordingly, we conclude that the circuit court erred in this case by awarding Galloway *all* "attorneys' fees and expenses *incurred in pursuing his claims in this matter*." (Emphasis added).

## II. "Inherent Authority"

¶36. Relying heavily on this Court's decision in *In re Moore*, 297 So. 3d 316 (Miss. Ct. App. 2020), Galloway also argues that the trial court's award of attorneys' fees and expenses was a proper exercise of the court's "inherent authority" to impose sanctions. Our trial courts do indeed have the "inherent authority to impose sanctions upon those who *abuse the judicial process*." *Tricon Metals*, 537 So. 2d at 1335 (emphasis added); *see also Selleck v. S.F. Cockrell Trucking Inc.*, 517 So. 2d 558, 560 (Miss. 1987) ("[C]ourts have an inherent power to protect the integrity of their processes, and may impose sanctions in order to do so."). However, as we stated in *Moore*, the "court 'must issue sanctions appropriate to the transgression.'" *Moore*, 297 So. 3d at 322-23 (¶18) (quoting *City of Jackson v. Rhaly*, 95 So. 3d 602, 606 (¶10) (Miss. 2012)).

¶37. Here, for the reasons explained above, MDOC did not "abuse the judicial process" by preserving a colorable defense on an issue that was already pending before the Mississippi Supreme Court in a related case. Therefore, the circuit court did not have the "inherent authority" to sanction MDOC for seeking to stay or dismiss the case on that ground. It also

16

follows that the sanction the circuit court imposed—awarding Galloway *all* "attorneys' fees and expenses *incurred in pursuing his claims in this matter*" (emphasis added)—was not a proportionate or "appropriate" sanction. *Moore*, 297 So. 3d at 322-23 (¶18).

### III. Litigation Accountability Act

¶38. Galloway also argues the trial court's award of attorneys' fees was warranted under the Mississippi Litigation Accountability Act ("MLAA"), Miss. Code Ann. §§ 11-55-1 to -15 (Rev. 2019), although Galloway did not request fees under the MLAA in the trial court, and the trial court did not award fees under the MLAA.

¶39. The MLAA provides that

> the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5(1). "'Without substantial justification' . . . means . . . frivolous, groundless in fact or in law, or vexatious, as determined by the court." *Id.* § 11-55-3(1). "In both Rule 11 and the MLAA, *frivolous* is defined the same way—no hope of success. So it is the same standard under both." *Busby v. Lamar Co.*, 424 So. 3d 269, 277 (¶27) (Miss. 2025) (citation omitted).

¶40. Aside from the fact that attorneys' fees were not requested or awarded under the MLAA, the trial court's award of all fees that Galloway incurred in this matter could not be

sustained under the MLAA for the same reasons it cannot be sustained under Rule 11 or the court's "inherent authority." Namely, MDOC's assertion of a colorable defense and request for dismissal or stay on that ground was not *frivolous*.

¶41. Moreover, section 11-55-7 of the MLAA *requires* the trial court to consider eleven factors in determining whether to assess attorneys' fees and the amount to be assessed. Miss. Code Ann. § 11-55-7; *Leaf River Forest Prods. Inc. v. Deakle*, 661 So. 2d 188, 197 (Miss. 1995); *Tunica County v. Town of Tunica*, 227 So. 3d 1007, 1028 (¶52) (Miss. 2017). "Because the trial court did not make any of the findings required by [s]ection 11-55-7, we cannot affirm its award on this basis." *Tunica County*, 227 So. 3d at 1028-29 (¶52); *accord Leaf River*, 661 So. 2d at 197; *Miss. Emp. Sec. Comm'n v. Culbertson*, 832 So. 2d 519, 531-32 (¶¶48-49) (Miss. 2002). Therefore, the MLAA cannot support the trial court's award of attorneys' fees either.

### IV. Issues on Remand

¶42. MDOC raised a colorable defense when it asked the circuit court to dismiss for lack of subject matter jurisdiction or stay the case pending the Mississippi Supreme Court's ruling on the same issue in *McClure*. Until *McClure* was decided on May 30, 2024, MDOC's position that the circuit court lacked subject matter jurisdiction was at least colorable, not *frivolous*. Therefore, the circuit court erred by ordering MDOC to pay *all* "reasonable attorneys' fees and expenses [Galloway] incurred in pursuing his claims in this matter."

¶43. At the same time, the way MDOC defended this case is perplexing and did not promote "the just, speedy, and inexpensive determination of [the] action." M.R.C.P. 1.

18

MDOC should have proactively filed a motion to dismiss for lack of subject matter jurisdiction and, in the alternative, a motion to stay discovery pending a ruling from the Supreme Court in *McClure*. If the trial court refused to dismiss or stay the case, MDOC could have petitioned for interlocutory appeal, as it did in *McClure*, and asked the Supreme Court for a stay.[9] *See* M.R.A.P. 5(f) & 8(c). However, MDOC was not proactive and only raised the jurisdictional issue as an objection to Galloway's discovery requests. MDOC then belatedly sought a dismissal or stay in its untimely, late-night response to Galloway's motion to compel. The following morning, without notice to the trial court or opposing counsel, MDOC simply failed to appear at the hearing on Galloway's motion. The trial court appropriately found that MDOC's conduct was disrespectful to the court. The trial court also denied MDOC's request to dismiss or stay the case, ordered MDOC to respond to discovery requests, and awarded Galloway attorneys' fees in the amount of $2,500 under Rule 37. Again, MDOC did not petition for interlocutory appeal or seek a stay from the Supreme Court. Instead, MDOC failed to timely or fully comply with the circuit court's order compelling discovery, resulting in a default judgment on the issue of liability.[10]

¶44.    MDOC's conduct in this litigation may warrant an additional sanction in the form of an award of attorneys' fees and expenses under Rule 11, the trial court's inherent authority,

---

[9] As noted above, the trial court in *McClure* stayed the case pending disposition of the interlocutory appeal.

[10] MDOC does not contest the partial default judgment on appeal.

19

or the MLAA.[11]  However, because MDOC's entire defense of the lawsuit was not frivolous, we cannot affirm the trial court's order requiring MDOC to pay *all* "reasonable attorneys' fees and expenses [Galloway] incurred in pursuing his claims in this matter."  On remand, any award of attorneys' fees must be supported by findings that specific filings or actions by MDOC were frivolous, for the purpose of harassment or delay, or an abuse of the judicial process.  In addition, any sanctions must be "appropriate to the transgression."  *Moore*, 297 So. 3d at 322-23 (¶18) (quoting *Rhaly*, 95 So. 3d at 606 (¶10)).  The court cannot order MDOC to pay *all* of Galloway's attorneys' fees simply because MDOC was guilty of unwarranted delay in responding to motions and discovery requests.

¶45.  **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.  McDONALD, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

---

[11] Recall that MDOC has *already* been sanctioned with an assessment for $2,500 in attorneys' fees, which it has paid, and entry of a default judgment on the issue of liability.